THE STATE, to use, &c., vs. McLERNAN, et al.

A constable for failing to return an execution is liable to the penalty of 100 per cent. per annum until the money is paid.

APPEAL from Benton Circuit Court.

HENDRICK, *for Appellant.*

SCOTT, J., *delivered the opinion of the Court.*

This was an action of dect on on a constable's bond. The breach of the condition of the bond alleged in the declaration was a failure to return an execution. The execution was returned, it seems, after the return day, but before the commencement of the suit; at least it was so found by the jury. The only question in the case was whether, in assessing the damages, the jury should allow the interest of one hundred per cent. per annum given by the statute after the return of the execution and up to the commencement of the action.

There is nothing in the statute which fixes the period up to which the interest shall be calculated. The interest of one hundred per cent. per annum, it would seem, was designed as an indemnity to the plaintiff for the time during which he was deprived of the use of his money, as well as a penalty on the officer. The law does not oblige the officer to seek the plaintiff to pay him his money. He is only required to have it ready to be paid over to those entitled to it; or the execution, with a reason why he has not made the money, on the day of the return of the writ at the office of the justice. It is the plaintiff's duty to be there to receive it, and the law presumes he will be. If the officer fails to make return at the proper time, he then is in default, and can only free himself from further liability by going to the plaintiff and tendering the money due, with with the penalty thereon up to the time of tender. His neglect to do this, will subject him to the penalty until the money is paid.

The other Judges concurring, the judgment will be reversed and the cause remanded.