THE STATE OF MISSOURI, (USE OF POOR,) VS. STEEL.

1. The provision of our statute which declares that where an amount below the jurisdiction of the court is recovered, the plaintiff shall have judgment at his own costs, does not apply where the declaration shews a claim below the jurisdiction of the court, and the question is raised by a demurrer.

2. The return of an officer, shewing that he had acted under the directions of the plaintiff, is evidence in his favor.

3. A return "not levied for want of sufficient goods and chattels," is not a nullity, but may be a sufficient return. *Prima facie*, it is sufficient.

## ERROR to Pike Circuit Court.

G. PORTER, *for Plaintiff in error.*

The only question to be decided is, whether the court below committed error in sustaining the demurrer of the defendant to the declaration; or, in other words, whether á legal cause of action is set forth in any or either of the breaches assigned, for if any of the braeches assigned be *good*, the demurrer should have been overruled. State, to the use of Darland, adm'r, &c. vs. Porter, 9 *Mo. R.*, 356.

BROADHEAD, *for Defendant in error.*

1. The 1st, 2nd, 3rd, 4th and 5th breaches assigned are bad in not having set out the lact that the writ ran in the name of the State. In seeking to make the officer liable, the plaintiff must set out in his declaration such a statement of facts as will show that he had authority to act—and under a void writ of execution, he had no such authority. 2 Chit. Pl., 418 and 749. That the writ must run in the name of the State, see constitution of Mo., art. 5, sec. 9; 1 Mo. R., 382; 4 Mo. R., 27.

2. All the counts in the declaration are bad—because the plaintiff seeks to recover a penalty given by statute, and yet has failed to count upon the statute in any one of the counts of his declaration. 1st Chitty, 247; 3 B. & C., 186; Lowe & Forsyth vs Harryman, 8 Mo. R., 350.

3. The return of the officer, whether it be a good return or not, cannot be taken advantage of by the plaintiff. It would be gross wrong to give the plaintiff the benefit of her own act to the prejudice of the officer who acts in compliance with her orders.

4. The officer's return is a good return of *nulla bona,* and must be so construed. The 2nd and 3rd breaches of the original declaration, and the second breach of the amended declaration, are therefore bad.

SCOTT, J., *delivered the opinion of the Court.*

This was an action of debt on a constable's bond, commenced in the Circuit Court of Pike county, against the defendant in error, to recover

damages for a breach of duty as constable. The amended declaration alledged several breaches of duty, viz., "that the constable, Steel, did not levy th emoney as commanded by the writ, but neglected and refused," and on the return day of the writ, falsely and illegally returned "that for want of sufficient goods and chattels whereof to levy, said writ was to be renewed until further orders, by order of said plaintiff's agent." The second breach is, that the constable, instead of returning the execution, as he ought to have done, returned and certified "that for want of sufficient goods and chattels whereof to levy, the said execution was to be renewed until the further orders of the said plaintiff, by order of her agent." The execution was for $40 87, and for 81 cents costs. A demurrer to the declaration was sustained by the court below.

The 28th section of the 7th article of the act concerning Justice's Courts, provides that when the amount claimed does not exceed ninety dollars, suit may be brought on the constable's bond against him and his sureties for official misconduct, in a justice's court. The amount claimed in this action does not amount to fifty dollars, consequently the circuit and justice's courts have not concurrent jurisdiction. It was exclusively cognizable in a justice's court. The provision that where an amount is recovered below the jurisdiction of the court, the party shall have judgment, but shall pay costs at the discretion of the court, does not apply to this case, as the legality of the proceedings were questioned by a demurrer before judgment.

This view of the case renders unnecessary an examination into the points that were raised relative to the sufficiency of the declaration, though I must say that a more formally correct specimen of pleading is rarely found in the records of this Court.

We are of opinion, that the return of the constable as stated in the declaration is *prima facie* sufficient. It is not strictly formal, but when the nature of the office is considered, and the capacity of those to whom the law is obliged to entrust its execution, it would be extremely hard to exact from them returns clothed with all the formality of the law. It is true, an officer cannot make evidence for himself by stating an excuse in his return. What is such excuse, may admit of some question. But in the case of Woodgate vs. Gifford, 11 East., it was held that the return of an officer stating that he had acted under the direction of the plaintiff in the execution, was *prima facie* evidence even against third persons. If evidence against third persons, much more so would it be against parties to the suit, the general principle being, that between parties to the suit and those claiming under them and all others whose rights and lia-

bilities are dependent upon the suit, the return of the sheriff of matters material to be returned, or of such as are commanded by the writ, or as are authorized by law, is so far conclusive evidence that it cannot be contradicted for the purpose of invalidating the sheriff's proceedings, or defeating any right acquired under them. The constable's statement that there were not sufficient goods and chattels whereof to levy, may have reference to our statute exempting certain property from execution. There may have been goods and chattels, but not more than were allowed by law. How these matters are will appear on the trial contesting the truth of the return. We cannot say that the return is a nullity and to be treated as no return. *Prima facie* it is good.

The other Judges concurring, the judgment will be affirmed.