McBride, judge,
delivered the opinion of the court.
Prince L. Hudgens brought his action of debt in the Holt circuit court, in the name of the State of Missouri to his use, against Pollock, the defendant, as" principal, and others as his securities, on his constable’s bond. The plaintiff obtained judgment below, which the defendant moved to set aside, and for a new trial, which were refused, and he excepted and appealed to this court.
The declaration contained several counts assigning the usual breaches in such cases. The evidence went to show that the plaintiff having obtained a judgment before a justice of the peace in said county, against one Mitchell, for ‡25 debt; $4 25 damages, and $2 18 costs, sued out execution thereon, and placed the same in the defendant’s hands for collection, and that said defendant levied the same upon a wagon as the property of Mitchell, and afterwards permitted Mitchell to remove the *69 same out of the county, without sale, and then returned the execution “not satisfied for want of sufficient property to levy on.” The wagon was estimated to be worth from fifteen to forty dollars. Judgment for #119, being one hundred per cent per annum.
Several instructions were asked of the court which'it is not necessary to notice,as but one question is raised in this court for our determination, and that is the right of the plaintiff to recover the amount of his execution with one hundred per cent per annum thereon.
The legislature has given several remedies against a constable for a failure to discharge his duties, either of which a party aggrieved may pursue at his election. The first act on the subject is to be found in the Rev’d Code, 1835, p. 117, § 8, which subjects the constable to pay double the amount of the plaintiff’s debt, where he fails to pay over when demanded, money received by him, or when he fails to return an execution according to the command thereof, to be recovered by motion before a justice of the peace. The second is at page 260, S. 52, and provides that if any officer having an execution in his hands, shall neglect or refuse to execute the same, or, having levied the same, shall fail to sell the property levied upon, or shall not return the writ, or make a false return thereof, he shall pay the whole amount of such execution. The third remedy given by law is at page 368, § 20, which provides that if the constable fail to make return of the execution according to the command thereof, or if he maleé a false return, the justice shall, upon the demand of the party injured, issue a summons against the constable, &c. The twenty-first section prescribes the manner of proceeding before the justice. The twenty-second section provides that if the constable fail to appear, or, appearing, fail to show good cause to the contrary, the justice shall render judgment against him for the amount due by the execution, &c., with interest thereon, at the rate of one hundred per centum per annum, from the time such execution ought to have been returned, &c. Section twenty-three gives the party injured the right to proceed against the constable as above directed, or he may institute a suit against him and his securities on his official bond, and in such suit shall be entitled to the like recovery, as upon a summons against the constable, and suits on the bond may be brought before a justice of the peace, where the amount claimed does not exceed ninety dollars.
The action in this case was brought under the law last above referred to, and therefore it is not important to inquire what would have been the parties rights under the two preceding acts, as no proposition is better *70 settled than that, where a party has two or more remedies given him by law, he may pursue that one which, under all the circumstances of the case, he deems most advantageous to him. The latter clause of the twenty-second section gives to a party injured the right of bringing his action before a justice of the peace on the constable’s official bond, where the amount claimed does not exceed the jurisdiction of a justice of the peace, but this does not, I apprehend, divest the circuit court of its general jurisdiction in such cases. The language of the provision does not evince such an intention on the part of the law makers, but it is only permissive, giving to the plaintiff the right, if he sees proper, in such case to bring his action before a justice of the peace.
We are therefore of opinion that the action was properly brought in the circuit court, and that the judgment for one hundred per cent per annum on the amount claimed from the time the same ought to have been paid, is recoverable under the statute.
The other judges concurring, the judgment of the circuit court will be affirmed.