State, to use of Moutrey's Adm'r, v. Muir & Ritter.

THE STATE, TO THE USE OF MOUTREY'S ADMINISTRATOR, Defendant in Error, v. MUIR & RITTER, Plaintiffs in Error.

1. Where money is collected by a constable on an execution, interest on the same at the rate of one hundred per cent. per annum can not, in a case of delinquency, be recovered against him or his securities from the time of a demand made previous to the return day of the execution, but only from such return day.

2. Interest at the rate of one hundred per cent. can be recovered of the securities of a constable, in a suit on the bond of such constable.

3. Such suit may be instituted after the expiration of the term of office of the constable ; and is properly cognizable in a justice's court.

*Error to Jackson Circuit Court.*

This suit has heretofore been before this court. (See report of the decision of Supreme Court, 20 Mo. 303.) It appears that after the money had been collected by the constable on the execution, and before the return day of the writ, it was demanded by the plaintiffs in the execution, Moutrey's administrators; and the court below, in the present suit, gave judgment against the constable's securities for the amount collected and for interest on the same at the rate of one hundred per cent. per annum from the time of the demand.

*Hovey,* for plaintiff in error, cited R. C. 1845, tit. Constables, § 11, ——; tit. Justices' Courts, art. 7, §§ 23, 24, 25, 26, 28.

*Smart* and *Shirly,* for defendant in error.

SCOTT, Judge, delivered the opinion of the court.

The only points of any interest in this case are those in relation to the rate of interest to be allowed, the time from which it is to be calculated, and the costs. The statute gives very heavy damages by way of interest against a constable for failing in the discharge of his duties in relation to the service of an execution. The instances are specially enumerated in which the hundred per cent. per annum may be recovered. Among them is not to be found a failure to pay over money collected on an execution on demand being made before the return day of the writ. The law authorizes the constable, in many cases, to collect money without an execution, and it is only where he has recovered money without a writ that he is liable for the hundred per cent. interest from the time a demand is made in case of a failure to pay over. The other instances in which that rate of interest is allowed, are, for failing to return a writ of execution, for a false return thereof, and for failing to have the money collected on an execution at the return day ready to pay over, or a receipt showing its payment. From this view

of the law, it will be seen that the court had no authority to give the hundred per cent. interest from the time of a demand made before the return day of the writ. If the constable had the money ready at the return day of the writ, the law was satisfied. He could not be made liable for the hundred per cent. interest by demanding the money before the return day of the writ. (R. C. 1845, p. 665, § 23.)

We see no ground on which a doubt can rest as to the liability of the securities of a constable for interest at the rate of one hundred per cent. in the instances stated in the section to which reference has already been made. The 28th section of the 7th article of the act concerning justices' courts is express, that when the suit is upon the bond the like recovery may be had as when the proceeding is summary. In prescribing that a suit may be brought upon the bond against a constable and securities, without any direction as to the manner in which it shall be instituted, the law must have designed that the suit should be conducted according to the ordinary mode.

There is nothing in the point made that the suit must be brought whilst the constable is in office. The return day of an execution may be the last day in his term of session.

The case of the State, to the use of Poor v. Steel, (11 Mo. 553,) is in point to show that this suit was properly cognizable in a justice's court; and, notwithstanding the case of Pollock v. Hudgens, (12 Mo. 67,) we are inclined to adhere to the opinion in the former case. The defendants then were entitled to their costs. This court then will give such judgment as the court below should have given, reversing the judgment of the court below; Judge Ryland concurring.