NANNIE B. BENNETT, ADMINISTATRIX OF WM. BENNETT, Appellant, *v.* JOHN VINYARD, Respondent.

*Execution—Return.*—A return to an execution not authenticated by the signature of the officer is not a proper return.

*Execution—Officer.*—In a suit against a constable, upon his liability at the common law for failing to return an execution from a justice delivered to him, the plaintiff must show the nature and amount of the damages he has sustained. The sum directed to be levied by the execution is not the measure of damages.

*Executions—Justices' Courts.*—The act relating to executions (R. C. 1855), excepting sections 34–43, does not apply to executions issued by justices of the peace ; it applies only to writs issued by courts of record. Art. 8, § 23, and following, of the act relating to justices' courts, gives a remedy against the constable for failing to return an execution, but does not fix the sum specified in the writ as the measure of damages.

*Appeal from Jefferson Circuit Court.*

*J. A. Beal,* for appellant.

The appellant insists on the following points :

I. There was no return of the second execution, according to law and the command. There cannot be a return of an execution sufficient for legal purposes, unless the officer returns the execution to the justice, at the return day, with his official return endorsed upon it, and signed by him officially.

II. An endorsement upon the execution not signed by Vinyard as constable, did not constitute a return as contemplated by law. (8 Mo. 417 ; 22 Mo. 13 ; 10 Mo. 780 ; R. C. 751, § 66.) The statute allows a plaintiff, in execution from a justice, to file a transcript of the judgment in the Circuit Court, and upon a proper return by the constable of *nulla bona,* the clerk of the Circuit Court will issue execution on the transcript. In consequence of Vinyard failing to make proper return, the plaintiff could not sell the real estate of Rowe and other defendants in the execution, nor the goods in other counties, as in this very case he lost the opportunity of doing by Vinyard's failure to make proper returns.

This court has held that it is necessary for a purchaser

under a judgment to have a judgment, execution, and return of *nulla bona* by the constable, to give him a good title; otherwise a sale is not worth anything. (Coonce v. Munday, 3 Mo. 373; Burk v. Flournoy, 4 Mo. 116; Blain v. Coppedge, 16 Mo. 495; Gilbreath v. Kuykendall, 1 Pike, 50.)

The defendant having confessed to the allegations of the petition, it was the duty of the Circuit Court to have given judgment for plaintiff.

*Green* and *Thomas*, for respondent.

I. The judgment was for the right party. The respondent's return on the execution showed that nothing could be made, and it was proved that the execution was returned in the proper time.

II. It was competent to prove by oral testimony when the execution was returned. (11 Ga. 524; Taylor v. Commonwealth, 3 Bibb, 356.)

III. In equity the return of the constable is sufficient. It shows the manner in which the writ was executed and the time of return, and that nothing could be made out of the defendant therein, and that appellant was not injured by the acts of the constable. The omission to sign his name to the return is an accident that may be relieved in equity. (2 Ky. Digest, 730, § 40; 738, § 127; Bassett v. Bowman, 3 B. Monroe, 328; Warring v. Thomas, 1 Littel, 253; Ross v. Thompson, 1 J. J. Marshall, 600; Thomas v. Clark, 3 Dana, 155.)

IV. It was competent for the respondent to sign the return at the trial. It would not change the substantial parts of the return in any respect. (Ky. Digest, 57, § 17, 21, 29, 32.)

V. The 23d section of R. C., 934, is only directory in requiring the return to be signed. The essential part of such requirement is that the return must show the time and manner of the service, and this was shown in the endorsement on the execution; and the proof showed that this was written out by the direction of the constable, and is therefore his return, as it was on the same day delivered by him to the

justice. The endorsement showing the manner of the service, and filing the execution in the justice's office, constitute in law the return. (State v. Melton, 4 Mo. 417.)

BATES, Judge, delivered the opinion of the court.

The petition stated that an execution, in favor of the plaintiff, and issued by a justice of the peace, was delivered to the defendant, who was a constable, and that the defendant made a false return of the same ; and that a second execution on the same judgment was issued and delivered to the defendant, and that " defendant failed to make a return of this execution to said justice within ninety days after the date thereof," as was commanded by the writ. The petition then stated, that the balance of said execution and costs, with the exception of the $21 paid by William Null, is still due, and for which he asks judgment, and for judgment for costs, damages and the interest allowed by law in such cases. There was no averment in the petition that the plaintiff had sustained any loss or damage by reason of any of the matters stated in the petition ; nor was any testimony given to show such loss or damage. The answer put in issue the allegations as to the return of the first execution, and as, at the trial, no evidence was given to support them, they are considered as abandoned. The answer stated, as to the second execution, that within the ninety days it was delivered to the justice, but that by accident the defendant omitted to sign his name to the return of *nulla bona* written upon the writ. (This was not a good return ; the signature was necessary to authenticate the writing.) At the trial, evidence was given tending to prove the averments of the answer. The plaintiff gave no testimony, and asked an instruction that this constituted no return, and that she was entitled to judgment ; which the court refused, and gave judgment for the defendant.

From the beginning the plaintiff seems to have gone upon an erroneous idea, that upon the failure of the defendant to return the execution he was liable to pay the plaintiff the

whole amount specified in that writ. That was the law in reference to executions issued from courts of record, by the fifty-second section of the act to regulate executions, in the revision of 1835, but was changed by the fifty-ninth section of the act in the revision of 1845; and in the revision of 1855, the sixty-sixth section continues the law as established in 1845.

But the sixty-fifth and sixty-sixth sections of the act of 1855, to regulate executions, do not at all apply to this case. That whole act (1st sec.) applies only to executions issued from courts of record, except the eight sections immediately preceding the forty-fourth. The twenty-third and succeeding sections of the eighth article of the act to establish justices' courts and to regulate proceedings therein, provide for a proceeding before the justice for a failure to make return of an execution, but does not fix the sum specified in the execution as the measure of the recovery; and the thirtieth section provides that the party injured may bring suit on the constable's official bond, but this suit is not in either of the modes there provided. It is a suit against the officer, upon his liability at common law; and such being the case, it was necessary for the plaintiff to aver in his petition the damage sustained by him. The law does not infer any specific damages from the matters averred under her petition. She could not have judgment for any amount whatever, and consequently the court did not err in giving judgment for the defendant.

Judgment affirmed. Judges Bay and Dryden concur.