State of Missouri, to use of Liechter et al., v. Miller et al.

STATE OF MISSOURI, TO USE OF JACOB LIECHTER *et al.*, Defendant in Error, *v.* FRED. MILLER *et al.*, Plaintiffs in Error.

1. *Execution — Constable's bond, action on — Judgment on which execution was based must be proved.* — In suit on a constable's bond for failure to make levy on an execution, defendant cannot call in question the regularity of the judgment on which the execution was founded, but plaintiff must prove that the judgment was rendered.
2. *Execution — Constable's bond — Action on for failure to levy — Measure of damages.* — In an action on a constable's bond for failure to make a levy on an execution, the measure of damages would be the amount of complainant's actual injury resulting from the negligence or misconduct of the constable, and not the amount called for by the face of the execution.
3. *Justice of the peace — Acts of after expiration of term of office.* — When a justice of the peace continued to act officially after the expiration of his commission, his continued acts *colore officii* within the jurisdiction of a justice *de jure* were valid as to third parties, and could not be collaterally drawn in question.

*Error to Cole Circuit Court.*

*E. L. King & Bro.*, for plaintiffs in error.

*Geo. T. White*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

This is a suit upon a constable's bond to recover damages for an alleged neglect to levy and return a justice's execution according to its command. It is alleged in the petition that the plaintiffs in the execution, on the first day of October, 1868, recovered judgment against the defendants in the execution for $208.15 damages and costs, by the consideration of one Charles L. Wells, a justice of the peace for Jefferson township, in Cole county; that said justice issued an execution thereon, dated January 6, 1869, returnable in ninety days; that said execution was duly placed in the hands of the defendant Miller for levy and collection; that Miller neglected to levy the same and make return thereof according to law, whereby, it is alleged, the plaintiff was damaged in the sum of $208.15, for which he prays judgment, and for interest at the rate of one hundred per cent. per annum according to the provisions of the statute. (Gen. Stat. 1865, ch.

184, § 22.) The defendants answered, putting in issue the fact of the alleged judgment, and denying that Wells was a justice of the peace at the time mentioned, and averring affirmatively that Wells was not in office on the 6th day of January, 1869, the date of the alleged issuance of said execution; and further, that any process issued by him at that time was null and void.

At the trial the plaintiffs gave evidence tending to show that Wells, at the dates mentioned, was acting as a justice of the peace in Cole county, and that his signature to the alleged execution was genuine; that the execution was placed in the hands of the defendant Miller for levy and collection; that the defendant in the execution at that time had property on which it might have been levied; that no levy was made, and that the execution was not returned till after the expiration of the specified ninety days. The execution was read in evidence over the defendant's objections. It recited the rendition of judgment as set out in the petition, but no other evidence of the judgment was offered.

1. While the defendants were not at liberty in this collateral proceeding to question the regularitiy of the supposed judgment, it was nevertheless incumbent upon the plaintiffs to give evidence showing the fact of its rendition. It is not claimed that the execution in question could have any validity without a judgment to support it. Whether or not there was any such judgment, was an issue pointedly raised by the pleadings. The burden of proof was on the plaintiffs, and they wholly failed to furnish the requisite evidence of the existence of the disputed fact. It is not claimed that the recitals of the execution were any evidence of the facts recited. There was, therefore, a total failure of proof on this point, and the judgment should have been for the defendants.

2. Had the plaintiffs shown themselves entitled to recover at all, the measure of damages would have been the "amount ascertained to be due on the complaint." To ascertain this amount would involve an inquiry of damages. If, for example, the constable had collected ten dollars and neglected to pay it over, the amount due on the complaint would be ten dollars, not the amount called for by the face of the execution. In a word, the

amount due on the complaint is the amount of the complainant's actual injury, resulting from the negligence or misconduct of the constable. To the amount due the statute adds, in the way of penalty, interest from the return day of the execution at the rate of one hundred per centum per annum. This, in substance, was the construction given to the statute in Bennett v. Vinyard, 34 Mo. 216. That suit was not based on the statute, but the court took occasion to refer to the statute and comment upon it.

3. It would seem from the indications of the record that Wells' official term as a justice of the peace had expired prior to the issue of the execution. On that ground it seems to be regarded by the defendants as wholly invalid. It appeared, however, that Wells continued to act officially notwithstanding the expiration of his commission, and that he was acting as a justice at the time the execution was issued. Having been in office, his continued acts *colore officii* within the jurisdiction of a justice *de jure* were valid as to third parties, and cannot be collaterally drawn in question. (See Brown v. Lunt, 37 Me. 423, and the numerous other authorities cited in the opinion of the court.)

The other judges concurring, the judgment will be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.