————o————

STATE OF MISSOURI, *ex rel*. RUFUS L. McDONALD, *et al.*, Respondents, *vs.* JOSEPH LANGDON, Appellant.

1. *Constable's bond—Suit on for failure to make proper return—Criterion of damages.*—In action on a constable's bond, for failure to return an execution according to its command, under a proper construction of the statute, (Wagn. Stat., 844–5, §§ 19, 20, 23) plaintiff's measure of damages is not necessarily the amount of the execution with one hundred per centum per annum. The production of the execution may be *prima facie* but not conclusive evidence on this point. But the constable may, notwithstanding, show what amount could in point of fact have been realized on the execution. And the amount of damages actually sustained by plaintiff, with one hundred per cent. is the true measure of damages.

*Appeal from Buchanan Circuit Court.*

*A. H. Vories and T. A. Green,* for Appellant.

I. Relators must show the extent to which they were actually damaged by the alleged neglect of the constable. (Bennett, adm'x, vs. Vineyard, 34 Mo., 216 ; Kel. Treat., 417.)

II. The question as to whether the officer did return the same within the time limited, was put directly in issue by the pleadings; and the officer's return on the execution showed that it was properly returned within the time. But the court admitted the verbal evidence and a written memorandum, made by the justice on the execution, to contradict the return of the officer. This was manifest error.

(See generally, Crock. Sher. & Const., 356, § 833; 10 Wend., 367; 1 Hill, 275; 4 Scam. Ill., 331; 6 Hill, 550; 4 Sandf., 67; 21 N. Y., 481; 7 N. Y., 553; 39 Barb., 69.)

*Strong & Hedenburg,* for Respondent.

I. The judgment below was right. The proceedings in this case are wholly governed by Art. VIII, ch. 82, Wagn. Stat., especially by §§ 19, 24, and 26 of said article. (Bennett's adm'x vs. Vineyard, 34 Mo., 216.)

II. "If the officer fails to make return at the proper time, he then is in default, and can only free himself from further liability by going to plaintiff and tendering him the money due, with the penalty to the time of tender." (State to use, etc. vs. McLernan, 10 Mo., 780 ; State to use, &c. vs. Muir, 24 Mo., 263 ; Robertson vs. Com'rs, 5 Gil., [Ill.] 559 ; Lawton vs. Erwin, 9 Wend., 234; Sloan vs. Case, 10 Wend., 371.)

ADAMS, Judge, delivered the opinion of the court.

This was an action on a constable's bond, for failing to return an execution according to the command of the writ.

The execution was for $147.15, and was dated 26th of August, 1871, and made returnable ninety days thereafter. A return was indorsed by the constable on the execution, as of date the 26th of October, 1871, "no property found whereon

to levy;" but the execution was not in fact returned to the justice of the peace till the 7th of December, 1871. The plaintiff claimed as damages, the whole amount of the execution, with interest thereon at the rate of one hundred per centum per annum.

On the trial the defendants offered to prove that the real date of the return was the 26th of November, instead of October, and also offered to prove that the defendant in the execution had no property, and was wholly insolvent, and nothing could be made on the execution. The evidence was all excluded, and the defendants excepted.

The court decided that for failing to return the execution according to its command, the only criterion of damages was the amount of the execution, with interest at the rate of one hundred per cent. per annum thereon, and rendered judgment accordingly.

The material question in this case, is as to the amount of recovery. This involves the construction of sections 19, 20 and 23, 2 Wagn. Stat., 844–5. Section 19 requires the party injured to file a statement of the nature of his complaint. If he has been injured by a failure to return the writ according to its command, he must state in his complaint the facts showing the amount of his damages. This is manifest from the body of section 22, which requires the justice to render judgment for the amount ascertained to be due on the complaint; or, as in section 23, when the case is tried by a jury, the verdict is to be for the amount ascertained to be due by the complaint. How is the amount to be ascertained? Is the simple production of the execution conclusive evidence of the amount of damages? That may be *prima facie* the amount due. But may not the constable rebut this by showing that the defendant had no property, and was wholly insolvent, and that no sort of diligence would have availed, during the life of the execution, to obtain satisfaction. The only fair inference to be drawn from the several sections, is, that a party may recover such damages as he sustained by the default of the constable in not returning the execution accord-

ing to its command, with one hundred per centum per annum interest thereon. This is the letter of the law applicable to sheriffs and other officers, in regard to said defaults. (See § 64, 1 Wagn. Stat., 614.)

There seems to be no good reason why a different rule should prevail as to constables. The State to use, &c. vs. Mc-Lernan, (10 Mo., 780) and State to use, &c. vs. Muir (24 Mo., 263) are not in conflict with these views; nor is the case of Bennett's adm'r vs. Vineyard, (34 Mo., 216.) None of these cases touched the point raised in this case.

The default here was for failing to return the writ to the justice in time. There was no false return. A false return has no reference to the time when the return is to be made; but to the facts stated by the officer in his return.

In my judgment the court erred in excluding the evidence offered by the defendants, and in adopting the amount of the execution as the only criterion of damages.

Let the judgment be reversed and the cause remanded. Judge Vories not sitting; Judge Sherwood absent; the other judges concur.