## Griffith v. Bailey, *Appellant.*

**Absconding Husband**: WIFE'S RIGHT TO CLAIM EXEMPTIONS: DOMICIL: ATTACHMENT. A married man, apprehending arrest for crime, fled from this State, leaving his wife behind. Shortly afterward she sold some of the household goods of the family, and taking the rest with her went to the house of her father-in-law in Kansas, where her husband soon joined her, and where they remained together till he was arrested and brought back to Missouri during the same year. She returned with him. In the meantime a creditor had attached certain goods of a household character belonging to him. There was no direct evidence that either husband or wife intended to make Kansas their home. *Held,* that the husband had absconded within the meaning of section 2348, Revised Statutes; that under that section his wife had the right to claim the attached property as exempt; that by leaving Missouri and going to Kansas, under the circumstances, she had not given up her domicil in Missouri, and so had not forfeited this right; and that the right was not barred by the mere fact that the attachment was based on an affidavit which alleged that her husband was about to move from the State with intent to change his domicil.

*Appeal from Jackson Circuit Court.*—Hon. S. H. Woodson, Judge.

Affirmed.

*Karnes & Ess* and *J. H. Lipscomb* for appellant.

*G. H. English* for respondent.

Philips, C.—The plaintiff, Bessie Griffith, is the wife of Fletcher Griffith, and was such wife at the time of the occurrences hereinafter mentioned. In February, 1879, on account of an alleged embezzlement of the goods of the firm of J. A. Cooper & Co., of Kansas City, where all parties then lived, said Fletcher absconded or absented himself from his place of abode; whereupon Cooper & Co. sued out a writ of attachment against the property of said Fletcher Griffith, alleging in the affidavit, as grounds for the writ, that he was about to leave the State with the view to change

his domicil. Under the writ the defendant, as sheriff of said county, levied upon certain goods of a household character alleged to belong to said Fletcher, found in a house other than the one which he occupied as his home. The sheriff made sale of certain of the attached goods, realizing thereon the sum of $189. The plaintiff, as the wife of said Fletcher, made claim to the attached property, under section 2348, Revised Statutes 1879, of which the sheriff, defendant, testified she gave him notice in writing. On his refusal or failure to surrender, she brought this suit to recover the same.

It appears from the evidence that her husband went from Kansas City to the state of Iowa, from which place he wrote to his wife. In the spring of that year she sold part of the household goods in the home residence, and taking the remnant went to the father of her husband in the state of Kansas, where the husband soon after joined her. There he was arrested and brought back to Missouri under indictment for said offense, and held in jail until tried in the criminal court of Jackson county, and sent to the penitentiary in the same year, leaving the wife in Kansas City.

The cause was tried before the court without the intervention of a jury. The plaintiff submitted the case without requesting any instructions. The defendant asked the following instructions, which the court refused:

1. If the husband absconded and left the State as a fugitive from justice, and plaintiff, as wife, joined him out of the State and so remained until her husband was brought back under process of law, at which time she returned, and since then and now said husband has been and is incarcerated, then said husband has not so absconded or absented himself from his place of abode as to entitle this plaintiff to claim any exemption, and the finding must be for defendant.

2. If an attachment suit was commenced by J. A. Cooper & Co. against the husband of plaintiff in the special

law and equity court of Jackson county, based on an affidavit averring among other things for attachment that the husband was about to leave the State with the intent to change his domicil, and the property claimed by plaintiff was seized under the writ of attachment issued in said suit against the husband, then plaintiff is not entitled to any exemption out of such property, and the finding must be for defendant.

The court found the issues for plaintiff and gave her judgment for $100.33. The defendant has brought the case here on appeal.

The first proposition sought to be maintained by appellant's counsel, in argument, is contained in the second instruction. Nakedly it is that if Cooper & Co. began an attachment suit " based on an affidavit, averring that the husband was about to leave the State with the intent to change his domicil, and the property claimed was seized under the writ issued in said suit against the husband, then the plaintiff cannot recover." It is to be observed that the conclusion of law reached is not made to depend upon the existence of the fact alleged in the affidavit, but merely on the allegation itself. It is the fact of the existence of the "intent to change his domicil," which, under section 19, chapter 11, Wagner's Statutes, page 185, subjects property otherwise exempt to attachment. An affidavit alleging the fact would form the basis for an attachment, under which the sheriff might make the seizure ; but the right to maintain the attachment and hold the property would ultimately turn on the question as to whether, as matter of fact, the defendant did intend to change his domicil. Nor does the record in this case show that said attachment suit was ever prosecuted to final judgment. No witness so stated, nor does the bill of exceptions show that any judgment of the kind was in evidence. For aught that appears here the attachment suit of Cooper & Co. is yet pending. Nor was evidence adduced to show that as matter of fact the husband

was about to move out of the State with intent to change his domicil.

On the contrary, the evidence preserved in the bill of exceptions tended to disclose the existence of just such a state of facts as would call into operation the provisions of section 2348, Revised Statutes 1879, first enacted in 1877, (Acts 1877, p. 252,) which is as follows :

" When the articles specified in the first, second, third, fourth, fifth, sixth, ninth and tenth clauses of the 9th section of chapter 160 of the General Statutes, etc., shall belong to a married man, and he, at the time the execution is levied, or at any time before the sale under it, has absconded or absented himself from his place of abode, his wife may claim said articles, or, in lieu of the property mentioned in the first and second subdivisions, may select and hold exempt from execution or attachment, any other property, real, personal· or mixed, debts or wages, not exceeding in value $300, and may receive the same or any other articles mentioned in this act from the officer, and may, if the articles are taken or withheld from her, in her own name sue for and recover the same or the value thereof," etc.

The evidence shows that the husband, becoming apprehensive of arrest, fled the State. This was certainly an absconding or absenting himself " from his place of abode." It is not made to appear that he went with the purpose or intent to change his domicil. Being so absent from his place of abode as to authorize the wife to lay claim to the property of the husband, if the defendant would invoke some exceptional provision of an antecedent statute, *pari materia*, it clearly devolved on him, by appropriate evidence, to bring himself within its operative words.

It is argued with much force that as enactments like the one under consideration are designed by the legislature to shield the deserted family of the husband, by securing them against becoming helpless and a charge to the community, therefore,when she follows up the fugitive husband to another state, the reason of the law ceases to apply. I

am inclined to this view. But do the facts, as developed in this record, bring the defendant within the rule he thus invokes? Every case is more or less determinable by its own peculiar facts. The law, it is true, remains the same. Its application, however, to a given state of facts is the test of its sense and design. The husband here absented himself from his home, leaving his wife behind with no instructions or purpose so far as the record discloses, to abandon that home or follow him. The moment he so left her, her right under the statute attached. It then became vested or demandable in "her name" and was "exempt from execution or attachment" against the husband.

Did her subsequent acts work a surrender or forfeiture of that right? She would not lose her domicil in this state by merely going into Kansas. She went to her husband's father, where the husband afterwards met her. It does not appear how long they were there. Being a fugitive, hiding, it is not to be inferred that he was there with a permanent intent. It cannot be maintained when he returned to this state under arrest by force, and remained a prisoner in jail until sent to the penitentiary that he reacquired his residence, again became domiciled. She returned at once to Missouri, and from this it cannot be held that she had left so as to lose her domicil here, and a right to demand the property. The plaintiffs in the attachment suit had not changed their attitude towards the attached property in consequence of her movements. Her permanent residence confessedly prior to her sojourn in the State of Kansas was in Kansas City, Mo. The general rule of law is, a domicil once acquired continues until it is left with an intention not to return. When a permanent residence is once established, to establish a different permanent residence two things must concur, the fact of residence and the intention of remaining. The original domicil continues until it is fairly changed for another. The *State ex rel. v. Finn*, 4 Mo. App. 347 and authority cited; *Adams v. Abernathy*, 37 Mo. 196 ; *Greene v. Beckwith*, 38 Mo. 384

The first instruction asked by defendant ignored the object and intention of the wife's visit to Kansas. It did not present for finding and determination the question as to whether she or her husband had gone there to acquire or had in fact aquired a domicil there. But it simply declared that if he had fled the state as a fugitive from justice and the "wife joined him out of the state and so remained until the husband was brought back," then her right to claim this property was lost. The instruction was therefore properly refused. And as the court found the issues for the plaintiff on the facts before it, we do not feel satisfied that its finding should be disturbed.

The judgment of the court below is therefore affirmed. Ewing, C., concurs. Martin, C., absent.