THE STATE *ex rel.* PURDY FOWLER, Respondent, v. W. W. CHANEY *et al.*, Appellants.

St. Louis Court of Appeals, May 3, 1892.

1. **Practice, Appellate:** EVIDENCE OF FILING OF BILL OF EXCEPTIONS. The mere recital by the clerk in the transcript that a bill of exceptions was filed is not sufficient evidence of the filing of the bill, when the transcript shows no record entry to that effect, and the bill itself does not contain a file mark.

2. ———: MATTER OF RECORD. When judgment is rendered in the trial court upon motion, and the judgment entry clearly shows the nature of the motion, the action of that court in rendering the judgment may be reviewed as matter of error as distinguished from matter of exception.

3. **Reversal of Judgment on Appeal:** JUDGMENT IN TRIAL COURT WITHOUT RETRIAL OF CAUSE. When an appellate court simply reverses the judgment appealed from and remands the cause, the entry of judgment in the trial court without a retrial of the cause is not warranted, unless legal propositions only are involved, and they depend solely upon conceded or written evidence, the legal effect of which was determined by the appellate court.

4. **Justices' Courts:** CONSTABLES: ALLOWANCE OF PENAL INTEREST FOR WRONGFUL RELEASE OF LEVY. Penal interest is not allowable under sections 3029 and 3032 of the Revised Statutes of 1879 for the wrongful release by a constable of property levied upon by him. Whether it is allowable for such release under the amendment of section 3029 in the revision of 1889 (R. S. 1889, sec. 6317) is not determined.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

REVERSED AND REMANDED.

*Wm. O. Mead* and *Henry C. Young,* for appellants.

(1) Plaintiff's motion for judgment should not have been sustained. *Lampert v. Gaslight Co.,* 14 Mo. App. 376; *State v. Newkirk,* 49 Mo. 472; *Hurck v. Erskine,* 50 Mo. 116; *Amonett v. Montague,* 63 Mo. 201; *Barclay v. Bates,* 2 Mo. App. 139; *State ex rel. v. Circuit Court,* 41 Mo. 574; *Kinealy v. Macklin,* 67 Mo. 95; *Gamble v. Gibson,* 83 Mo. 290; *Chouteau v. Allen,* 74 Mo. 56. Where a case has been reversed and remanded without specific instructions from the appellate to the lower court, the case should be tried anew. (2) The judgment was excessive. The statute under which this writ was instituted does not authorize the recovery of damages at the rate of one hundred per cent. per annum for a surrender of property levied on under execution. 1 R. S. 1879, sec. 3029; *Miller v. Wall,* 27 Mo. 440.

*Heffernan & Buckley* and *C. S. Essex,* for respondent.

(1) The record nowhere shows the filing of the bill of exceptions, and there is nothing before the court but the record proper. No error being apparent, the judgment of the circuit court will be affirmed. *Jones v. Christian,* 24 Mo. App. 540; *Taylor v. Scott,* 26 Mo. App. 249; *Williams v. Williams,* 26 Mo. App. 408. (2) The decision of the Kansas City Court of Appeals was, and is, *res adjudicata,* and the circuit court could not retry the cause (*Armstrong v. City of St. Louis,* 69 Mo. 309), and it is conclusive of every matter within the

terms of the issues made by the pleadings, and everything that might have been litigated. *Mason v. Summers*, 24 Mo. App. 174; 1 Herman on Estopped & Res Adjudicata, secs. 230, 115–118, 285, 352, 453, 625; *Zinc Co. v. Ins. Co.*, 41 Mo. App. 406, *loc. cit.* 414, and authorities cited. And it was the proper practice to move the court for judgment in conformity with the opinion and mandate of the Kansas City Court of Appeals, such being the only judgment the court could enter properly. *Gamble v. Gibson*, 10 Mo. App. 327, affirmed 83 Mo. 290; *Chouteau v. Allen*, 74 Mo. 56; *Connor v. Pope*, 23 Mo. App. 344; *Treadway v. Johnson*, 39 Mo. App. 176. And it was proper for the court to enter into inquiry of damages, or take such "further action as should be necessary to carry into effect what had already been decided." *Gamble v. Gibson, supra*. (3) The measure of damages is the loss sustained by relator occasioned by the constable's default, with one hundred per cent. per annum interest thereon from the time the money ought to have been paid over. R. S. 1879, secs. 3029, 3032, 3034, 3036, 3037; R. S. 1889, secs. 6317, 6320, 6322, 6324, 6325; *State ex rel. v. Miller*, 48 Mo. 251; *State ex rel. v. Langdon*, 57 Mo. 350, cited and followed in *State ex rel. v. Langdon*, 57 Mo. *loc. cit.* 356.

BIGGS, J.—In 1886, the defendant Chaney was a constable in Hickory county, where this suit originated. The present action is on his official bond, the conditions of which the relator charges he violated by wrongfully releasing certain personal property, which had been seized by him in an attachment suit before a justice of the peace, in which suit the relator was plaintiff and one Barney Pitts, defendant. Chaney admitted that he had attached a lot of cattle as the property of

Pitts; that the attachment had been sustained and judgment by default entered against Pitts; that a special execution was issued against the attached property, and that while he so held the property he released nineteen head of cattle from the levy under the execution and delivered them to Mrs. Emily Pitts, the wife of Barney Pitts, He undertook to justify the release upon the ground that Pitts was a resident of the state of Missouri and was the head of a family, that he had absconded from the state at the date of the attachment, and that his wife had claimed the property as exempt. On a trial in the circuit court of Hickory county there was a judgment for the defendants, but, on appeal to the Kansas City Court of Appeals, the judgment was reversed and the cause remanded. *State ex rel. v. Chaney*, 36 Mo. App. 513. Afterwards, there was a change of venue to the circuit court of Greene county, where the relator took the position that, under the decision of the Kansas City Court of Appeals, the circuit court must enter a judgment for the penalty of the bond, and that the only matter left in dispute was the amount of the damages, all other questions both of law and fact having been conclusively adjudicated and settled adversely to the defendants. The court, being of this opinion, entered a judgment on the relator's motion for the penalty of the bond and directed an inquiry of damages. Neither party requiring a jury, the inquiry was had before the court, in which the court found that the relator had been damaged in the sum of $112; and, thereupon, the court ordered that execution issue for that amount, together with interest thereon at the rate of one hundred per cent. per annum from the return day of the execution in the attachment suit, which amounted in the aggregate, as ascertained by the court, to the sum of $500. From that judgment the defendants have appealed to this court.

There is no sufficient evidence in the transcript of the filing of what purports to be a bill of exceptions. There is a recital by the clerk, who made the transcript, that the bill of exceptions was filed in the office of the clerk of the circuit court, but the transcript shows no record entry to that effect, neither does the bill itself contain a file-mark. The mere recital by the clerk in the transcript that the bill was filed is not sufficient. We must, therefore, dispose of this case on the record proper.

Where the judgment entry clearly shows, as it does in this case, the nature of the motion, the court's action thereon may be reviewed as a matter of error as contradistinguished from matter of exception. The question then is, whether the court committed error in sustaining the relator's motion for judgment without giving the defendant an opportunity to retry the cause. The statute makes it the duty of an appellate court to "award a new trial, reverse or affirm the judgment or decision of the circuit court, or give such judgment as such court ought to have given, as to them as shall seem agreeable to law." R. S. 1889, sec. 2304. Where a cause is remanded with special directions for a certain judgment, as is often done instead of making judgment in the appellate court, there is nothing for a trial court to do but to follow the directions. The mandate is a sufficient warrant for its judgment. *Chouteau v. Allen*, 74 Mo. 56; *Shroyer v. Nickell*, 67 Mo. 589; *Hurck v. Erskine*, 50 Mo. 116. But not so where there has been a simple reversal and remanding, unless legal propositions *only* are involved which depend solely upon conceded or written evidence, the legal effect of which the court construed on the first appeal. *Treadway v. Johnson*, 39 Mo. App. 176. In such a case there would be nothing for the trial court to retry, and its duty would be to enter judgment in conformity with the

opinion of the superior court. It is only in such cases that appellate courts direct judgment to be entered. But we have no such case here. The Kansas City Court of Appeals simply reversed the judgment and remanded the cause. That court only decided that, upon the record as presented to it, it appeared that Pitts was a non-resident of the state of Missouri, and that, as he was not entitled to exemptions, his wife could not claim them.

The decision exclusively settled the point, that upon the facts as presented by *that record, Pitts was a non-resident of the state* at the date of the issuance of the attachment writ, and that, this being true, Mrs. Pitts was not entitled to her exemptions; but it did not conclusively settle the fact that Pitts was *actually* a non-resident. The conclusion of the court on this question of facts seems to have been based on the assumption that non-residency was the only ground for the attachment, and, the attachment being sustained, both Pitts and his wife were concluded by the finding; whereas the amended petition, which has been filed since the case was remanded, states that another ground for the attachment was that Pitts was about to remove his property and effects out of the state with intent to hinder, delay and defraud his creditors. This pleading tendered a new issue, which on a retrial made it competent for the defendant Chaney, in order to justify his action in releasing the cattle, to introduce evidence to show, if it was a fact, that the attachment was sustained on the other ground, and that Pitts *was* a resident of the state of Missouri at the date of the attachment, but had absconded or had absented himself therefrom, leaving his wife behind. R. S. 1889, sec. 4908; *Griffith v. Bailey*, 79 Mo. 472; *Steele v. Leonori*, 28 Mo. App. 675. It must be borne in mind that the removal of property from the state with the

intention only to hinder creditors, and not with the intention to change domicile, does not deprive the owner of his exemptions. Our conclusion is that the court committed error in sustaining the relator's motion for judgment, and for the error in so doing the judgment will have to be reversed. It may be proper to state that the defendants' answer only states inferentially that Pitts, at the date of the attachment, was a resident of the state of Missouri. In this respect the answer ought to be amended.

There is error upon the face of the record for another reason. The statute (R. S. 1879, sec. 3029) authorizes summary proceedings before a justice of the peace against a constable and his securities in the following cases: "*First*, if the constable fail to make a return of the execution according to the command thereof; *second*, if he make a false return; *third*, if he fail to have any money by him collected on execution, before the justice on the return day thereof, ready to be paid over to the persons entitled thereto, or have the receipts of such persons therefor; *fourth*, if he fail to pay over, upon the demand of the person entitled thereto, or his agent, any money received by him in payment of any judgment, or upon any bond, note, account or other demand placed in his hands for collection, and for which he shall have given his receipt, or any money or property received by him in pursuance of any of the provisions of this article." On the trial of such a proceeding section 3032, Revised Statutes, 1879, provides that, "if it appear that the finding should be for the plaintiff, the justice shall render judgment against such defendant or defendants for the amount ascertained to be due on the complaint, together with interest thereon, at the rate of one hundred per cent. per annum, from the time such execution ought to have been returned, or from the

time such money ought to have been had before the justice, ready to be paid over to the parties entitled thereto," etc. For the cause mentioned the injured party may proceed against the constable and his sureties before a justice of the peace, or he may enforce his remedy on the official bond. *Rose v. Cobb*, 64 Mo. 464; *Ransom v. Cobb*, 67 Mo. 375.

We are of the opinion that the present case, which is one for the wrongful release of property from levy under execution, is outside of the classes of cases mentioned in section 3029, and, therefore, the defendants are liable (if at all) for the actual damage sustained, with legal interest thereon from the return day of the execution. It was said by Judge RICHARDSON in construing this section in the case of *Miller v. Wall*, 27 Mo. 441: "The twenty-third (3029) section was designed to give a simple and speedy remedy to the plaintiff in a justice's execution, or any person who has placed a bond, note or account in the hands of a constable for collection, and the twenty-eighth section applies to persons who are interested in fees to be collected by a constable on execution; but neither section indicates any remedy for the defendant in an execution who may be injured by any unlawful act or omissions of a constable." The case of *State ex rel. v. Langdon*, 57 Mo. 350, was an action on a constable's bond for failing to return an execution. It was held that the constable was liable for interest on the sum actually received by him under the execution at the rate of one hundred per cent. per annum. That case was clearly within the statute. But in the case of *State ex rel. v. Langdon*, 57 Mo. 353, the complaint was that attached property had been wrongfully released by the constable. It was there held that the measure of damages was the value of the property released. In the revision of 1889 (sec. 6317), section 3029

was amended. Whether the section, as it now stands, is broad enough in its terms to cover a case like we have here, it is not necessary for us to decide. The alleged breach of the bond on the part of the constable occurred, and the suit itself was instituted, prior to the revision of 1889. We conclude, therefore, that the judgment of the court was grossly excessive, and for this reason also it will have to be reversed.

With the concurrence of the other judges, the judgment of the circuit court will be reversed and the cause remanded. It is so ordered.