MATTHEWS *et al.*, Appellants, *vs.* ROUNTREE'S ADMINISTRATOR, Respondent.

1. The supreme court will not reverse a case because the plaintiff did not swear anew to his petition after an amendment in the caption.
2. The supreme court will not reverse because the inferior court refused time to answer after the overruling of a motion to dismiss for frivolous reasons.

*Appeal from Polk Circuit Court.*

*F. P. Wright,* for appellants. 1. The court had no right to render judgment upon the amended petition until it was verified by affidavit. 2. The court erred in refusing to give defendant time to plead after the amendment.

No appearance for respondent.

RYLAND, Judge, delivered the opinion of the court.

The plaintiff began his action in the Circuit Court of Polk county, thus : " Thomas Rountree, administrator of the estate of Charles Rountree, deceased, against William R. Matthews and Isaac P. Russell. In the Polk Circuit Court, April term, 1854."

Matthews *v.* Rountree's Adm'r.

" Plaintiff states that defendants, by their promissory note, promised," &c., making a good statutory petition, and asking judgment for the amount of the debt and interest. The defendants appear and file their motion to dismiss the action, because the petition does not specify the county in which the action is brought, and because the petition does not specify who is plaintiff nor who is defendant. The plaintiff asked leave to amend his petition, by adding the word "plaintiff" in the caption, after the word " deceased," and the word " defendants" after the name of " Russell;" and also after the words, " In the Polk Circuit Court," the words " County of Polk, state of Missouri." The court sustained the plaintiff's motion, granted leave to amend, and the amendments were made by the addition of the proposed words to the original petition, and overruled the defendants' motion to dismiss.

The plaintiff did not swear to his amended petition. Matthews, the defendant, objected to these rulings of the court, and excepted. The defendants failed to answer; they asked for a continuance until next term; it was denied them; they asked for leave to answer in ten days; it was denied them; thereupon, they failed to answer. The court asked the counsel of defendants if they had a valid defence. The counsel refused to answer. The court then gave judgment for the plaintiff for want of an answer. The defendants moved in arrest of judgment, and filed eight reasons, none of which deserve to be noticed. This motion was overruled, excepted to, and defendants bring the case here by appeal. There is nothing in this record deserving the consideration of this court. The whole of the defendants' objections, and their reasons for dismissing the action, are of the most trivial kind—mere quibbles, which should never be tolerated in a court of justice. Let the judgment be affirmed; Judge Scott concurring.