THE STATE, TO THE USE OF CONSTANTINE SCHNERR, Appellant, *v.* FELIX LAIES *et al.*, Respondents.

1. The exemption of property from attachment, provided by 1 Wagner's Statutes, 185, § 19, is purely a matter of statutory regulation. And whenever a defendant in attachment is about to remove out of the State with intent to change his domicile, the protection of the statute ceases, and all that he possesses is liable to attachment.

*Appeal from St. Louis Circuit Court.*

*Slayback & Haeussler*, for appellant.

The saving clause is evidently a dead letter, and is directly repugnant to the purview or body of the act, and can not stand without rendering the other provisions inconsistent and destructive of themselves. (1 Kent, 462; Plowden, 565; Gen. Stat. 1865, ch. 55, p. 603, § 9.)

*Jecko & Hospes*, for respondents.

WAGNER, Judge, delivered the opinion of the court.

This was a suit upon an official bond. The respondent was one of the constables of St. Louis township, and, as such, by three several writs of attachment issued from the office of a justice of the peace, against Schnerr, levied upon certain personal property mainly consisting of wearing apparel belonging to Schnerr and his family.

The ground stated in the affidavit for an attachment was that Schnerr was about to remove out of this State with intent to change his domicile. Schnerr claimed the property on the ground that it was exempt under the law from legal process, but the respondents held it until judgments were rendered, and then sold it under executions which were issued.

The trial was had before the court on an agreed statement of facts. And in addition to what has been above stated, it was admitted that the value of the property sold was $500, and also that the facts averred in the affidavits, that Schnerr was about to remove out of the State with the intent to change his domicile, were true.

Plaintiff then asked the court to declare the law to be that if it found that the property in question was owned by the plaintiff when levied upon, and that he at the time was the head of a family; that the property levied upon was such as is mentioned in the ninth section of the act relating to executions, then plaintiff was entitled to judgment, and it made no difference whether at the time of the levy he was about to do any of the acts set out in the affidavits to the attachments. The court refused to make this declaration, and then rendered judgment for respondent.

There is but one single question presented for determination, and that is whether, under the circumstances, the property was exempt from attachment. By the ninth section of the law relating to executions, all wearing apparel of the family is exempted from levy and sale. (1 Wagn. Stat. 603, § 9.)

The attachment act specially enumerates what the officer shall be authorized to seize, as attachable property, but it is provided that "no property or wages declared by statute to be exempt from execution shall be attached, except in the case of a non-resident defendant, or of a defendant who is about to move out of the State with the intent to change his domicile." (1 Wagn. Stat. 185, § 19.)

The exemption is purely a matter of statutory creation, and has such force as the statute gives it, and no more. By the very terms of the law, whenever a person is about to remove out of this State with intent to change his domicile, the protection of the statute ceases, and all that he possesses is liable to attachment.

There is no error in the ruling of the court, and its judgment is affirmed. The other judges concur.