CORNELIA W. STEELE, Appellant, v. R. U. LEONORI, JR., & COMPANY, Respondents.

St. Louis Court of Appeals, January 31, 1888.

ATTACHMENT—EXEMPTION CLAIM BY WIFE—SALE BY WIFE OF EXEMPTED PROPERTY—NON-RESIDENCE, EFFECT OF.—An attachment was levied on the property of an absconding debtor, whereupon a portion of it was claimed by his wife under the statute, and was duly appraised to her at the statutory limit of four hundred dollars in value. Afterwards, she caused the same property to be sold by auction for one thousand dollars. The auctioneers, holding the proceeds, were garnished under the same attachment. *Held:* (1) The law which permits a wife to claim an exemption when the debtor husband has absconded, does not vest in her the title of the property so exempted, but gives her only a right of possession and use for the necessities of the family. (2) If she converts such property into money, the money will be the property of the husband, and subject to the attachment or garnishment, like any other of his property. (3) The wife, by herself or agent, may claim four hundred dollars of the money as exempt, and the residue will go to the creditors. If, however, she has, at the time of service of the garnishment, become a non-resident of the state, she can make no claim of exemption, and all the proceeds will be subject to the garnishment.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Reversed and remanded.*

BRECK. JONES, for the appellant: The claim that the wife makes, under section 2348, is a claim made for the husband ; she makes it *vice* the head of the family— he having absconded ; and delivery of property to her under that section, gives to her only the rights which the husband would have had, if the property had been set off as exempt to him. *Rendleman v. Rendleman,* 6 West. Rep. 98. If it was meant by the statute, by such delivery of the husband's property to the wife, to thereby invest the wife with absolute title to such

property, the statute would be unconstitutional, as depriving the husband of his property without due process of law. Cooley Const. Lim. [4 Ed.] 442, 450, and cases cited. It seems that if, under an attachment, property has been appraised and set off as exempt, such appraisement, not having been directly attacked and set aside, is conclusive ; and the debtor (or his wife, under section 2348) can hold as exempt from that levy the specific property so set apart. Thompson on Homesteads and Exemptions, sec. 667. But it also seems that if afterwards there is another levy under the same writ of attachment, on the same property, it having materially changed in value, and the debtor wishes to preserve his exemption, he must make his claim a second time. Thomp. Homesteads and Exemptions, sec. 855 ; *Finley v. Sly*, 44 Ind. 266 ; *Beckner v. Rule*, 8 West. Rep. 287. A debtor can dispose of property set off to him as exempt, and give good title to it ; and if he does so voluntarily dispose of it, he voluntarily deprives himself of the benefits of the statute and waives the privilege thus secured, and the thing thus received in payment or exchange is not also exempt, unless expressly made so by statute. Thomp. on Homesteads and Exemptions, secs. 738–774–5–6, and cases cited ; *Wyatt v. Smith*, 2 Lans. 185 ; Smythe on Homesteads and Exemptions, secs. 555–6. If, in this case, the wife wished to preserve her exemption, she should have made her claim as against the garnishment herein. She would then have received the four hundred dollars to which she was entitled. Whatever rights of exemption the husband or the wife had in the property in question have been abandoned, as both the husband and the wife are now non-residents of this state, and the husband has no "family" residing in this state.

W. C. Marshall, for the respondents : After the wife had claimed the property under section 2348, Revised Statutes, and the same had been appraised and set apart to her, the property could not thereafter (and par-

ticularly not on the next day) be seized by the same plaintiff as the property of the husband. Under the statute the wife had the right to hold this property "exempt from execution or attachment." Thompson on Homesteads and Exemptions, sec. 913; *Lyman's Adm'r v. Byam*, 38 Pa. St. 479; *Sipes v. Mann*, 36 Pa. St. 413. Under the statutes of Pennsylvania, the appraisement of the personal property allowed to a widow is made in the same manner as an appraisement under an execution. So it is in Missouri. "The confirmation of the appraisement is an adjudication to the widow of the property mentioned in the inventory and vests the same in her absolutely." Thompson on Homesteads and Exemptions, sec. 919; *Runyan's Appeal*, 27 Pa. St. 121. Where a married woman has been abandoned by her husband, but is living with and supporting her child, she is the head of a family within the meaning of the exemption law. *Nash v. Norment*, 5 Mo. App. 545; Thompson on Homesteads and Exemptions, sec. 668; *Thrasher v. Bettes*, 53 Ga. 407. So, in Georgia it is held that there is no provision for procuring a second or supplemental homestead, although the one already taken be of less value than the maximum allowed by law. *Pate v. Fertilizing Co.*, 54 Ga. 515; Thompson on Homesteads and Exemptions, secs. 669 to 678, and 738; *Cook v. Baine*, 37 Ala, 350; *Bevan v. Hayden*, 13 Iowa, 127; *Goodman v. Smith*, 17 Ind. 152; *Denny v. White*, 2 Caldw. 287; *Frost v. Shaw*, 3 Ohio St. 270; *Jewett v. Guyer*, 38 Vt. 217; *Morris v. Tennent*, 56 Ga. 577.

THOMPSON, J., delivered the opinion of the court.

In this case certain household furniture was attached in the suit of the plaintiff against Almon B. Thomson, an absconding debtor, and under the same attachment, a garnishment was also served upon R. U. Leonori, Jr., and R. U. Leonori, Jr., & Company. Interrogatories were exhibited to the garnishees, who made certain answers to the same. Thereupon the plaintiff filed a

denial of these answers, setting up substantially the levy of her attachment upon certain property of Thomson, who had recently absconded from the state, and from his place of abode, at his residence in the city of St. Louis ; that his wife, Mrs. Jennie E. Thomson, made a claim of certain specific articles as exempt from attachment under the provisions of Revised Statutes, section 2348 ; that the sheriff thereupon duly appointed appraisers, who appraised the articles mentioned in the claim, to the extent of articles of the value of four hundred dollars ; that thereupon the sheriff delivered over to Mrs. Thomson the articles so appraised ; that, on the following day, these garnishees, acting as agents and auctioneers for Mrs. Thomson, sold on the said premises, at public sale to the highest bidder for cash, a large part of the articles so appraised and delivered to her, for the sum of one thousand dollars, which money the garnishees received and had in their possession at the time when they were summoned as garnishees ; that all of the articles so sold were the property of the defendant, Almon B. Thomson, and that Mrs. Jennie E. Thomson is not now a citizen of, or a resident in, this state, and that Almon B. Thomson has no family residing in this state. The garnishees demurred to this denial. The court sustained the demurrer, and, the plaintiff declining to plead further, the court entered judgment in favor of the garnishees, from which judgment the plaintiff prosecutes this appeal.

It is perceived that the question for decision is, whether where, under Revised Statutes, section 2348, a wife claims, as exempt from attachment against the creditors of her husband, who has absconded, certain personalty of her husband, and such property is appraised at the value of four hundred dollars, and delivered to her, and she on the next day sells it for one thousand dollars, in cash, such one thousand dollars, or any portion of the same, and if any, how much, is subject to garnishment in the hands of the auctioneer who effected the sale and received the purchase money under

the original attachment against the husband. This court is of opinion that in such a case a new claim of exemption is ordinarily necessary, but that, in this case, the garnishees are to be regarded as having made a new claim of exemption for her, as her agent, and that four hundred dollars should be set apart to her at the date of the service of the garnishment.

The statute reads as follows : " The following property, when owned by the head of a family, shall be exempt from attachment or execution : First, ten head of choice hogs, ten head of choice sheep, and the product thereof in wool, yarn, or cloth ; two cows and calves, two plows, one ax, one hoe, and one set of plow gears, and all necessary farm implements for the use of one man ; second (two work animals), working animals of the value of one hundred and fifty dollars ; third, the spinning-wheel and cards, one loom and apparatus, necessary for manufacturing cloth in a private family ; fourth, all the spun yarn, thread, and cloth manufactured for family use ; fifth, any quantity of hemp, flax, and wool, not exceeding twenty-five pounds each ; sixth, all the wearing apparel of the family, four beds with usual bedding, and such other household and kitchen furniture, not exceeding the value of one hundred dollars, as may be necessary for the family, agreeably to an inventory thereof, to be returned on oath, with the execution, by the officer whose duty it may be to levy the same ;  *  *  *  ninth, all such provisions as may be on hand for family use, not exceeding one hundred dollars in value ; tenth, the Bibles and other books used in a family, lettered gravestones, and one pew in a house of worship." Rev. Stat., sec. 2343. " When the articles specified in the first, second, third, fourth, fifth, sixth, ninth, and tenth clauses of section two thousand three hundred and forty-three, shall belong to a married man, and he, at the time the execution is levied, or at any time before the sale under it, has absconded or absented himself from his place of abode, his wife may claim said articles, or, in lieu of the prop-

erty mentioned in the first and second subdivisions of section two thousand three hundred and forty-three, may select and hold, exempt from execution or attachment, any other property, real, personal, or mixed, debts or wages, not exceeding in value the amount of three hundred dollars, and may receive the same, or any other articles mentioned in this chapter, from the officer, and may, if the said articles are taken or withheld from her, in her own name, sue for and recover the same, or the value thereof, and in such suit shall not be required to give security for costs." Rev. Stat., sec. 2348.

It is perceived that section 2343 exempts certain specific chattels from attachment and execution when owned by the head of a family, such as the legislature must have supposed to be necessary for the subsistence and well-being of a family. It is perceived that the property belonging to a married man, which, by section 2348, his wife may claim as exempt from execution or attachment, in the event of his absconding or absenting himself from his place of abode, is limited to the specific chattels described in several of the subdivisions of section 2343, with the proviso that, in lieu of articles mentioned in the first and second subdivisions thereof, the wife may select any other property not exceeding the value of three hundred dollars. If, therefore, the appraisers set apart to Mrs. Thomson the articles specified in the sixth clause of section 2343, to the value of one hundred dollars, and she selected in lieu of articles mentioned in the other clauses this other property set apart, which they appraised at the value of three hundred dollars, so long as the specific articles were those named in that section, she could hold them against the same attaching creditor without any new appraisement; for it is conceded that such an appraisement is conclusive. But it is conclusive only to the extent of the specific articles which are set apart. The legislature does not, in section 2348, undertake to change the title of the property from the husband to the wife in the event of his absconding or absenting himself from his place of abode

Nor would a statute which should attempt to do this be valid, since it is too plain for argument that the legislature cannot say that, upon the happening of a certain event, the property of A shall, *ipso facto*, become the property of B, or the property of the husband become the property of the wife, without any adjudication or forfeiture. The property set apart to the wife of an absconding husband is, therefore, *his* property, exempt from execution or attachment while it remains in her hands in kind, and the statute clothes her with such a possessory right in respect of it, as against her husband's creditors, that she may sue for and recover it, or the value of it, in her own name. It does not say that the title to the property shall vest in her, and it does not clothe her with a *jus disponendi* in respect of it, which is the most essential feature of an absolute ownership of property.

If, therefore, a wife, to whom certain specific articles are set apart under this section, elects to sell them or to cause them to be sold, she must be understood as selling the property of her husband, whether with or without his authority. In either event, the proceeds of the sale become the property of the husband, and not the property of the wife. The specific articles set apart to her having thus become transmuted into money, this money is not, on any principle with which we are acquainted, protected from a new levy by a creditor of the husband, even under the same attachment. The appraisement is not conclusive of the right of the wife to retain this money as against the husband's creditors, because this money has not been levied upon and the appraisers have not set it apart to her. If the money so coming into her hands, is claimed by her as exempt from the attachment, under the provisions of section 2348, there must be a new appraisement, under which the amount of money which she would be entitled to retain would not exceed the value of four hundred dollars, by the terms of the statute. Nor can it make any possible difference whether these specific articles origin-

ally set apart to the wife of the absconding husband have been converted by her into money the next day or the next year. If the appraisement were held to extend not only to the specific articles themselves, but to any other chattels which may be purchased with them, the result would be that the immunity from attachment established by the appraisement might follow the property through an indefinite series of transmutations, extending to all property, of whatever value, which might be procured by successive trading or speculation, by means of the property originally set apart—a result which the legislature could never have intended. We have to construe the statute so as to give effect to the purpose of the legislature, which is that of protecting from attachment and execution, in the possession of an abandoned wife, such specific chattels of her husband as may be necessary for the support and well-being of a family, or any other property of the value of four hundred dollars, in lieu thereof; while, at the same time, refusing to place upon it an interpretation not warranted by the language used, and which would result in turning it into a means of fraud against the husband's creditors.

The appraisement is not a controlling fact in the case. There is no warrant, under the statute above quoted, for placing the limit of four hundred dollars upon the property which a wife, under such circumstances, can ordinarily claim. The property mentioned in the first, second, third, fourth, fifth, sixth, ninth, and tenth clauses of section 2343, may in the aggregate amount to more than four hundred dollars, and yet the wife, under such circumstances, may claim them all, if property of the various kinds therein mentioned is on hand. No right of substitution seems to be given to the wife, under a literal reading of the statute, except to the extent of three hundred dollars; but judicial construction and usage seem to have placed it at four hundred dollars, including one hundred dollars given in lieu of the articles mentioned in subdivision six of sec-

tion 2343. *Mahan v. Scruggs*, 29 Mo. 283 ; *State v. Kurtzeborn*, 2 Mo. App. 337. This she may select out of any kind of property (which, of course, includes money) in lieu of the property mentioned in the first and second subdivisions of section 2343. In this regard our statute differs from similar statutes in some other states. Where such a statute exempts any kind of personal property to the extent of a designated value, as, for instance, one thousand dollars, a right of substitution exists, from the very nature of the case; the debtor may sell, buy, and exchange, and hold the newly-acquired property as exempt, so long as it does not exceed the statutory limit of value. But such a rule is not applicable under a statute which creates the exemption in enumerated chattels of a particular kind. The mere fact that a limitation of value is placed upon the amount of these chattels of a particular class, which can be claimed, does not of itself create any right of substitution, but is merely descriptive and restrictive of the kind of property which may be claimed. Thus, a debtor may chance to own, in addition to the other articles mentioned in subdivision six of section 2343, "other household and kitchen furniture" of the value of five thousand dollars ; but he can only select, under that subdivision, such as are of the value of one hundred dollars ; and what he selects must be "household and kitchen furniture," and not money or some other kind of property. The statute exempts these specific chattels from execution in the hands of a head of a family, because they are chattels of a kind which the legislature deems necessary to the support of a family, and it gives a limited right of substitution, enabling the debtor to claim any other property of a given value which he may desire. It is conceded by the appellant that the right of substitution which it vests in the wife of an absconding husband, extends to property of the value of four hundred dollars. The legislature has not seen fit to give her any larger right, and it is not competent for the courts to create it for her.

We hold that the circuit court erred in sustaining the demurrer to the denial. We also hold that if, upon the trial of an issue raised upon the denial, the facts therein stated shall be established, the garnishees will be entitled to retain the sum of four hundred dollars, to be turned over to the wife, and that the plaintiff will be entitled to judgment against them for the residue. We also hold that if it shall appear, in addition to the foregoing facts, that she had, at the time of the service of the garnishment, ceased to be an actual resident of the state—distinguishing the meaning of the word, *resident*, from that of *domicile*, so as to exclude the idea of a constructive change of domicile in consequence of her husband having left the state—she will not be entitled to any exemption, since the statute was not intended for the benefit of non-residents, nor to enable the wife of an absconding debtor to save from the process of his creditors a certain portion of his property, and then to follow him with it.

The judgment is reversed and the cause remanded, with the concurrence of Judge Rombauer. Judge Lewis not sitting.