STATE *ex rel.* PURDY FOWLER, Appellant, v. W. W. CHANEY, Respondent.

Kansas City Court of Appeals, May 20, 1889.

1. **Exemptions:** WIFE OF NON-RESIDENT HUSBAND CAN NOT CLAIM: CONSTABLE LIABLE ON HIS BOND. The wife of a non-resident, whose property has been attached on the grounds of such non-residency and the attachment sustained, can not claim the attached property as exempt under section 2348, Revised Statutes, 1879, which simply empowers the wife, when the husband "has absconded or absented himself from his place of abode" in this state to make such claim for exemption as the husband if present might make. Her rights are no greater than those of the husband whose representative she is. And a constable who, under a writ of attachment in such case, after levying on the property of such non-resident, releases the same and turns it over to the wife as exempt is liable on his bond therefor.

2. **Constable:** NOT LIABLE FOR PROPERTY RELEASED. A constable is not liable for property released from attachment with the consent of plaintiff's attorney.

*Appeal from the Hickory Circuit Court.*—HON. W. I. WALLACE, Judge.

REVERSED AND REMANDED.

*Chas. S. Essex* with *Amos S. Smith, S. Harrison, White & Robinson, O'Grady & Harkless,* for appellant.

(1) It was the constable's duty to obey the writ and not to decide the rights of property. *State ex rel. v. Langdon,* 57 Mo. 353 ; *State ex rel. v. Koontz,* 83 Mo. 323. (2) It is only where the husband has absconded or absented himself from his place of abode in this state—his family residence—that his wife may make claim under Revised Statutes, section 2348. This claim

she makes not for herself, but for her husband, *i. e.*, for the head of the family, who, if present, by virtue of sections 2343 and 2346, would be entitled to such exemptions.   It is the husband's property and his exemption so long as it remains in the wife's hands in kind and her right is only possessory.   *Steele v. Leonori,* 28 Mo. App. 675.   Hence it must follow that if the husband has forfeited his exemption right the wife can not make such claim for him.   (3)   A non-resident defendant, or one who is about to remove out of the state with intent to change his domicile, has no exemptions in attachment.   R. S. 416; *State ex rel. v. Laies,* 46 Mo. 103.   And the general exemption laws under executions do not apply to attachment proceedings where non-residency or intended change of domicile are the grounds. *State ex rel. v. Knott,* 19 Mo. App. 151.

*T. G. Rechow,* for the respondent.

(1)   The constable was bound to have the property appraised and turn it over to Mrs. Pitts when it was shown that Pitts was the head of a family and that she was his wife and that he had absconded or absented himself from his place of abode.   And her claim was properly made at any time before sale.   R. S. 1879, sec. 2348; *State to use v. Barada,* 57 Mo. 560; *State to use v. Roemer,* 44 Mo. 99; *State to use v. Farmer,* 21 Mo. 160; *State to use v. Emerson,* 74 Mo. 607; *Griffith v. Bailey,* 79 Mo. 472; *Bailey v. Wade,* 24 Mo. App. 186. (2)   The cases cited by appellants have no application to exemptions and could only apply as to the cow released to Andrew Pitts.   And inasmuch as that release was made by direction of plaintiff's attorney in the attachment case they have no application so far as the facts in this case are concerned.   (3)   This court will not reverse on account of harmless error.   *Moore v. Mountcastle,* 72 Mo. 605.   The judgment being for the right party upon the whole record will be affirmed

GILL, J.—This is an action on a constable's official bond for damages occasioned relator by releasing attached property after the same had been levied upon by the constable. The facts, briefly stated, are about as follows:

Plaintiff Fowler brought suit by attachment before a justice of the peace in Hickory county, Missouri, against one Barney Pitts, for the sum of one hundred and fifty dollars, the ground of attachment being that said Pitts was a non-resident of the state. Upon the writ of attachment the constable, defendant Chaney, seized the twenty head of cattle, in controversy, as the property of said Barney Pitts. Subsequently Mrs. Emily Pitts, wife of said Barney, made claim for the cattle so attached as exempt from attachment or execution as provided for in section 2348, Revised Statutes, 1879, and the constable proceeded to have the same appraised, and set off, as exempt, nineteen head of the cattle and delivered the same to said Mrs. Pitts. One head of the cattle was surrendered up to one Andrew Pitts upon his claim made, and, as testified to by the constable, by the express assent of Fowler's attorney.

Plaintiff Fowler prosecuted his action against Barney Pitts to a final judgment, and had a special execution issued commanding the constable to make the same out of the property attached. On this the constable returned that he had surrendered nineteen head of said cattle to Mrs. Pitts, as exempt, and had delivered one head to Andrew Pitts, etc.

The matter of which plaintiff Fowler complains, is that constable Chaney wrongly released this property from attachment, and that he, Fowler, thereby lost his claim against Barney Pitts. On a trial had before the circuit judge, without a jury, judgment was had for the defendants and plaintiff appeals.

Without considering the various points discussed by counsel in this case, it is clear, from an inspection of

the record, that the judgment in the circuit court was for the wrong party.

Mrs. Pitts was entitled only to such exemptions as her husband, Barney Pitts, would have been entitled to, had he been present and made the claim in proper person. The object of section 2348, Revised Statutes, was simply to empower the wife, when the husband "has absconded or absented himself from his place of abode" in this state, to make such claims for exemptions, as the husband, if present, might make. Her rights are no greater than his, were he present asserting the same. . She is in fact, in that consideration of things, his vice—his representative. *Steele v. Leonori*, 28 Mo. App. 675–684.

Now, if the husband, Barney Pitts, had been present requesting these cattle to be set off to him as exempt, it is quite apparent that his claim must have been denied. The property was attached on the ground that said Barney Pitts was a non-resident of the state, and judgment was had in plaintiff's favor. This non-resident defendant in attachment then was not entitled to any exemptions under the Missouri statute, section 416, Revised Statutes, 1879. *State to use of Schuerr v. Laies et al.*, 46 Mo. 108. And since the husband was not entitled to any protection of our exemption laws, neither was his wife, Mrs. Emily Pitts. The constable therefore was not justified in setting off this exemption.

The plaintiff Fowler can not now complain, however, of the constable, if the one head of cattle was turned over to Andrew Pitts by the direction or consent of Fowler or his authorized attorney or agent.

But as to the nineteen head released to Mrs. Pitts, the judgment, on the record here produced, should have been for the plaintiff.

Judgment reversed and cause remanded. The other judges concur.