ANTONIO PARETTI, Respondent, v. AUGUST REBEN-ACK, Appellant.

### St. Louis Court of Appeals, November 14, 1899.

1. **Action for Deceit**: DEFECTIVE INSTRUCTION: NOT REVERSIBLE ERROR. An instruction submitting to the jury an issue not counted upon in the petition, is not necessarily reversible error, as it only serves in this case to cast an additional burden upon respondent, of which appellant is in no position to complain.

2. ———: THE ELEMENTS OF DECEIT: ERRONEOUS INSTRUCTION. To recover damages caused by fraudulent misrepresentations in an action at law, it is necessary to allege and prove, first, that the representations were untrue; second, that defendant knew them to be false when made, or that he made them as of his own knowledge when in fact he had no knowledge whatever on the subject; third, that the plaintiff had a right to and did rely upon the truth of such representations and suffered damage or loss by reason of their falsity. Plaintiff's instruction omitted, "Or that he made the representations as of his own knowledge when in fact he had no knowledge whatever on the subject," which omission, rendered the instruction given by the court at the instance of plaintiff vitally defective.

3. ———: ———: PRACTICE: BILL OF EXCEPTIONS. The court does not by granting an appeal, lose jurisdiction in a cause to the extent, that a bill of exceptions may not be signed and allowed during the term after the order granting the appeal is made.

Appeal from the St. Louis City Circuit Court.—*Hon. Selden P. Spencer*, Judge.

REVERSED AND REMANDED.

*Aug. Rebenack, pro se.*

*John & R. L. Johnston* for appellant.

(1)   Plaintiff's amended petition fails to state a cause of action.   (a) Because it states that after the sale "the defendant falsely and fraudulently," etc.   Harrison v. McGuire, 18

Mo. App. 517; Sherwood v. Baxton, 63 Mo. 78; Dover v. Kennerly, 38 Mo. 469; Gardner v. Armstrong, 31 Mo. 535. (b) Because the amended petition fails to state that defendant made false representations with intent to deceive. Redpath Bros. v. Lawrence, 42 Mo. App. 101. (2) The instruction in the nature of a demurrer to the evidence should have been given: (a) Because the notes secured by the prior deed of trust were not in evidence. (b) Because plaintiff's evidence, "I have had a good man examine the title," etc., fails to show that any false statement or representation was made to him as of defendant's own knowledge, and is proof that defendant told plaintiff the source of his information. (c) Because there is no proof of intent to deceive plaintiff. (d) Because plaintiff's evidence fails to prove fraud. It is not sufficient to show, in support of a personal action for fraudulent representations, that a party made statements which he did not know to be true and which were false. There must be fraud, intent to deceive, distinguished from mistakes. The scienter is the very gist of the action. Redpath Bros. v. Lawrence, 42 Mo. App. 101; Anstee v. Ober, 26 Mo. App. 665; Bank v. Sells, 3 Mo. App. 85; Felix v. Shirley & Co., 60 Mo. App. 621; Koontz v. Kaufmann, 31 Mo. App. 397; Arthur v. Wheeler Mfg. Co., 12 Mo. App. 335; Nauman v. Oberle, 90 Mo. 666; Tootle v. Lysaght, 65 Mo. App. 139. (3) The bill of exceptions (filed during the term of court at which motion for a new trial is overruled) may be filed after as well as before the appeal is granted. R. S. 1889, sec. 2168; State v. Lewis, 71 Mo. 170; Shaw v. Shaw, 86 Mo. 594; State v. Dodson, 72 Mo. 283.

*E. P. Johnson* for respondent.

(1) The moment that the appeal was granted, the court below lost jurisdiction of this cause, and this court acquired that jurisdiction, and the court below lost all authority to

make any further original entries in the cause. Brill v. Meek, 20 Mo. 358; Ladd v. Cousins, 35 Mo. 513; Stewart v. Stringer, 41 Mo. 400; Burgess v. O'Donoghue, 90 Mo. 299. And in the absence of an entry of record extending the time for filing it, the bill of exceptions must be filed before the appeal is taken, or it will be out of time. State ex rel. v. St. Louis. Ct. Cr. Correction, 41 Mo. 598. (2) The amended petition charges that defendant falsely and fraudulently made the representation that the title to the lot was perfect. This is a substantial charge that defendant knew them to be untrue and sufficiently avers knowledge and intent on his part. Buford v. Caldwell, 3 Mo. 477. Besides, the petition avers that defendant knew them to be untrue, and it is not necessary to charge that they were made with intent to deceive. Scott v. Haynes, 12 Mo. App. 596. (3) False representation in regard to the title, or location, or improvements on real estate, when made by one as of his own knowledge, whether he knew them to be false or not, when relied and acted on by the person to whom they were made, entitle the latter to maintain an action against the former. Buford v. Caldwell, 3 Mo. 477; Caldwell v. Henry, 76 Mo. 254; Dunn v. White, 63 Mo. 181; Herman v. Hall, 140 Mo. 270-276. And this is true, notwithstanding an examination of the record would have disclosed the falsity of the representation. Glasscock v. Minor, 11 Mo. 655; Holland v. Anderson, 38 Mo. 55; Bailey v. Smock, 61 Mo. 213; Clark v. Edgar, 84 Mo. 106; and see Cottrell v. Krum, 100 Mo. 405.

BOND, J.—The petition alleges in substance, that plaintiff was the purchaser at an auction sale of a lot of ground which he was induced to pay for without first making an examination of the title, by the fraudulent misrepresentations of defendant, whereby plaintiff acquired a title subject to an incumbrance, which rendered it worthless. The answer was a general denial. Plaintiff had judgment, from which defendant appealed.

Appellant complains of the directions given to the jury by the court of its own motion in lieu of the instructions proffered by him. So much of the charge of the court as undertook to define and specify the elements of an action for deceit is, to wit: "Gentlemen of the jury: If from the evidence you believe that the defendant acted as auctioneer in the sale of a piece of real estate at a trustee's sale, under a deed of trust, and in the conduct of such sale represented, as of his own knowledge, to the plaintiff that the property sold was clear, or perfect, except as to the taxes of 1893, and that at the time he made such representations knew that they were false, or did not know that they were true, and that the plaintiff bought and paid for the land, relying upon such statements or representations on the part of the defendant in regard to the title, and that at the time of said purchase by the plaintiff, there was a prior and superior incumbrance on the land, under which the land was thereafter sold and by which the plaintiff lost the land which was sold to him at the said trustee's sale, your verdict should be for the plaintiff." The above instruction is inaccurate in submitting to the jury the issue as to whether or not plaintiff "bought and paid for the said land relying upon such statements or representations." The petition does not count upon a fraudulently induced purchase of the land, but rests its cause of action solely upon an alleged fraudulent prevention of an examination of the title, whereby plaintiff was induced to pay the price of the land in ignorance of a paramount title, which rendered his own of no value. This particular fault in the instruction is not reversible error, since it only served to cast an additional burden on respondent, of which appellant is in no position to complain. But the foregoing instruction is attacked on a more serious ground. It is insisted by appellant that it does not completely and correctly define and set forth the essential elements of an action for deceit. To recover damages caused

by fraudulent misrepresentations in an action at law, it is necessary to allege and prove, first, that the representations were untrue; second, that defendant knew them to be false when made, or that he made them as of his own knowledge, when in fact he had no knowledge whatever on the subject; third, that the plaintiff had a right to, and did, rely upon the truth of such representations and suffered damage or loss by reason of their falsity. Hamlin v. Abell, 120 Mo. 199, and cases cited; Dulaney v. Rogers, 64 Mo. 201; Tootle v. Lysaght, 65 Mo. App. 139. The intent to cheat and deceive, or the scienter, which the law makes the soul of the action, is conclusively presumed from proof that the representations were known to be false when made, or were made as of his own knowledge by the utterer, when in fact he had no knowledge whatever on the subject. Unless one or the other of these alternatives is shown by the proof, the action must fail for want of evidence of an intent to defraud on the part of the defendant. In the foregoing instruction the trial judge while stating the first alternative correctly, wholly failed to state the second in the language of the above rule. Instead of telling the jury that if the representations were not known to be false when made, it was necessary for them to find that such representations were made by defendant as of his own knowledge when he in fact had no knowledge whatever on the subject; or, what was tantamount to the same thing, had no reasonable grounds to believe them to be true—the court told the jury that it was sufficient for them to find that the defendant "did not know that they were true." This was an entirely inadequate way of stating the second alternative of the propositions from which the law collects the intent to deceive essential to the maintenance of an action like the present *non constat* that if the defendant "did not know that they were true," that he did not have reasonable grounds for so believing. Indeed, there is abundant evidence in the record that he was possessed of a deraignment of title to the lot made by

a competent person, which supported the truth of his alleged representations as to the state of the title. The instruction under review excluded this evidence from the consideration of the jury, and only required them to find that defendant did not know the alleged representations to be true. However strong grounds of belief one may have for the truth of a statement made by him, it may be well founded that these do not constitute positive knowledge of its truth. Hence in the case at bar when the triers of the fact were directed to find against defendant (on the second alternative upon which the law predicates an intent to deceive) if he did not know "that they (representations) were true" the jury might well have rested their adverse finding on the assumption that whatever reasonable grounds defendant had for believing his statements to be true, still he did not in fact know them to be true. The instruction under review was a clear misstatement of the law applicable to the facts as developed on the trial of this case, and necessitates a reversal of the judgment and a remanding of the case to be tried in conformity with this opinion. As this must be done, it is well to notice the suggestion in respondent's brief that there is no bill of exceptions in this case, the theory of respondent on this point being that the bill of exceptions though filed at the same term of the court during which the motion for new trial was overruled, is out of time because it was allowed and filed on a subsequent day to that upon which the appeal was prayed and granted. There is no merit in this contention. The court by granting the appeal on one day of the term was not divested of jurisdiction to sign and allow a bill of exceptions in the cause taken on a subsequent day of the same term. R. S. of 1889, sec. 2168; Shaw v. Shaw, 86 Mo. 594.

The result is that the judgment herein is reversed and the cause remanded. All concur.