R. J. MUIR, Appellant, v. J. D. OREAR, Respondent.

St. Louis Court of Appeals, January 29, 1901.

1. **Attachment: RELEASE OF PROPERTY BY CONSTABLE: ATTORNEY, AUTHORITY OF.** An attorney for plaintiff in an attachment action has authority to authorize a constable, who has property in his possession by virtue of a writ of attachment, to release it.

2. ———: ———: **LIABILITY OF CONSTABLE.** And a constable obeying this direction is protected from any liability on account of surrendering the property.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes*, Judge.

AFFIRMED.

*W. A. Edmonston* for appellant.

(1) The court should have sustained appellant's motion to strike out a part of defendant's amended answer, admitting the facts alleged therein to have been true. It was no defense, as the piano was levied upon as the property of the defendant in the attachment and was his property, and no person had the right to take it out of his possession while the attachment was still pending in court. The piano was in the custody of the law, and should remain there unless taken out by due process of law. That point is too clear to require any authorities. (2) Where goods are levied upon by an officer, by virtue of a writ legally issued, the officer acquires a special property in the property so levied upon, and he is authorized to maintain

detinue, replevin, trespass or recover damages for the injury to or loss of the property so levied upon, and the right of action is in his personal and not in his official character. 8 Ency. of Pl. and Pr., pp. 581, 582, 583.

*Fry & Clay* and *J. D. Orear* for respondents.

(1) The attaching creditor released the property. A party can at any time dismiss his suit. R. S. 1899, sec. 797. (2) And an attorney can dismiss suit for his client. Davis v. Hall, 90 Mo. 659; Willard v. Siegle, 47 Mo. App. 1. (3) And can release attached property. State ex rel. v. Chaney, 36 Mo. App. 513; Davis v. Hall, supra; 3 Ency. Law, 83; Benson v. Carr, 73 Me. 76. (4) And a constable is not liable when such property is released. State ex rel. v. Chaney, supra. (5) Respondent herein, as agent and attorney of the Kimball Piano Company, was the owner and had the right of possession of the piano. A mortgagee of chattels, after condition broken, has the absolute title to the property and the right of possession thereof. Jackson v. Cunningham, 28 Mo. App. 354; Pollock v. Douglas, 56 Mo. App. 487; Tobener v. Hassinbush, 56 Mo. App. 591.

GOODE, J.—Upon the twelfth day of December, 1898, Mattie J. Gregory, by her attorney F. R. Jesse, instituted an action of attachment before W. P. Quisenberry, a justice of the peace of Mexico, Missouri, against C. G. Holland. The writ of attachment was placed in the hands of the constable of the township, the appellant R. J. Muir. Holland it seems had loaded certain household goods, and the piano in controversy, into a freight car of the Wabash Railroad Company, preparatory to shipping them out of the State. The constable Muir executed his writ by garnishing the railroad com-

pany, which duly answered admitting the possession of the piano and tendered it, along with the other property, to the constable. At the time of the garnishment, there was a mortgage on the piano in favor of the W. W. Kimball Company to secure eleven notes of ten dollars each, which were part of the purchase price of the instrument, several of which notes were past due. The mortgage was of record.

On the twenty-third day of December, at which date the garnishee had tendered the piano to the constable, F. R. Jesse the attorney for the attaching plaintiff, directed him in writing to deliver the same to the defendant J. D. Orear, who was the agent of the Wilbur Mercantile Agency and had in charge the protection of the rights of the W. W. Kimball Company under the said mortgage. Said Orear had previously notified the appellant of the rights of his client and had demanded possession of the property. On receiving this authority and request from the attorney of the plaintiff in the attachment action, the constable, Muir, signed and delivered to the defendant the following writing:

"Mexico, Mo., December 23, 1898.

"I hereby deliver into the possession of Wilbur Mercantile Agency by their attorney Jno. D. Orear, one piano manufactured by W. W. Kimball Company of Chicago.

"R. J. MUIR."

Afterwards the constable changed his mind in the matter, and during the afternoon or evening of the same day notified the defendant not to move the instrument from the depot of the Wabash Railroad Company. This warning the respondent ignored, took the property into his possession and the present action for damages for the conversion of it was the result. The plaintiff in his petition claims both actual and punitive damages. Plaintiff's motion to strike out the portion of defendant's answer setting up the foregoing facts was

properly overruled.   No reason was assigned in the motion why this should be done, which was in itself a sufficient ground for overruling it, but the facts pleaded, if true, are a perfect defense to the plaintiff's action.   Besides the appellant failed to stand on his motion.   Gelatt v. Ridge, 117 Mo. loc. cit. 562.

The attorney for the plaintiff, Mrs. Gregory, in the attachment action, had authority to authorize the appellant, who had the property in his possession as constable under the writ, to release it. . State ex rel. v. Chaney, 36 Mo. App. 513; Davis v. Hall, 90 Mo. 659.   The constable obeyed this direction which protected him from any liability on account of surrendering it.   State ex rel. v. Chaney, supra.   Respondent then, it is clear, came rightfully into possession of the property, and it is equally clear that as agent of the W. W. Kimball Company he was entitled to the possession.   Some of the notes for which the mortgage was given being past due, gave it the right to take the property whenever it lawfully could, and the voluntary relinquishment of it by the appellant or its attorney and agent is wholly inconsistent with the claim for damages by him in the present action.          \

The court below rightly held, that under the evidence the plaintiff could not recover.   The judgment was manifestly for the right party and is affirmed.   All concur.