THE BANK OF LIBERAL, Appellant, v. CASSIE
REDLINGER et vir., Respondents.

Kansas City Court of Appeals, June 9, 1902.

1. **Exemptions:** MARRIED WOMAN: FEME SOLE: ABSCONDING HUSBAND. A married woman was conducting a business in her own name with her own funds. Her husband abandoned her and left the State. Her creditors attached her stock in trade. It was sold by the sheriff. She had none of the specifically exempted property mentioned in the statute, except wearing apparel, household and kitchen furniture. *Held*, that under section 4335, Revised Statutes 1899, she was entitled to the exemptions of three hundred dollars out of the funds in the sheriff's hands, in lieu of the property exempt under section 3159.

2. ———: ———: ———: ———: MORTGAGE. And the fact that she may have mortgaged her stock of goods to a third party, can have no bearing on her right to exemption against attaching creditors.

3. ———: ———: ———: ———: ———: The fact that the mortgage given to such third party on her stock of goods may have covered a horse belonging to her husband, and which she had sold since his absconding, can not serve to defeat her right to exemption where it appears that at the time of her application for her exemptions she had no other property than that specified in the application.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds*, Judge.

AFFIRMED.

*G. H. Walser* for appellant.

(1) Cassie Redlinger duplicates her application for exemptions. John P. Redlinger having left the State before the attachment, and being out of the State when the claim for exemptions was made, could not, for himself claim exemptions. Cassie, his wife, is his

representative and can not claim an exemption that he could not. Steele v. Leonori, 28 Mo. App. 675; State ex rel. v. Chaney, 36 Mo. App. 513. (2) Mrs. Redlinger ought not to be heard to complain, for she received, according to her own testimony, all the property which her husband had, consisting of one horse, one cow and one set of harness. (3) John P. Redlinger, having claimed exemptions, under sections 3159 and 3162 through his wife, she is now estopped from claiming under section 4335. (4) The property was not in the possession of Cassie Redlinger nor under her control, nor was she the owner of it at the time of the attachment; therefore, she can not claim same as exempt. State to use v. Koch, 47 Mo. App. 274. (5) After the condition of the mortgage to C. M. Webb was broken, and Mrs. Redlinger turned the key over to him and he took possession of the store and advertised the goods for sale, the legal title vested in Webb divested all claims of Mrs. Redlinger. Lacey, Trustee, v. Giboney, 36 Mo. 320; Hellman & Co. v. Pollock & Co., 47 Mo. App. 205; White v. Quinlan, 30 Mo. App. 54; Jones v. Mack, 53 Mo. 147; Jackson v. Magruder, 51 Mo. 55; Staub v. Simpson, 74 Mo. App. 230; State ex rel. v. Althaus, 60 Mo. App. 122. (6) When Mrs. Redlinger turned the stock of goods over to C. M. Webb she divested herself of all rights to the same, and Webb, had he not surrendered the same to the attaching creditor, could have held the property; for the law is well settled in this State that although the mortgage may be void, yet if the mortgagee, in good faith takes actual possession of the property for the purpose of securing his debt and is in such possession at the time of the attachment, he will be protected as the owner of the property. McIntosh v. Smiley, 32 Mo. App. 125; Joseph, Nelke & Co. v. Boldbridge, 43 Mo. App. 333; Dobyns v. Meyer, 95 Mo. 132; Nash v. Norment, 5 Mo. App. 545; Stotsbury v. Kirtland, 35 Mo. App. 148.

*VanPool & Martin* for respondent.

(1) Under the state of facts there can be no doubt but that respondent has the right to claim and hold as exempt the $300 which was allowed her by the court. Sec. 4335, R. S. 1899. (2) A claim of exemptions may be made at any time before the property is sold or the money paid out. Holliday v. Mansker, 44 Mo. App. 465; Marchildon v. O'Hara, 52 Mo. App. 523; State ex rel. v. O'Neill, 78 Mo. App. 20; State ex rel. v. Barnett, 96 Mo. 133; State ex rel. v. Emmerson, 74 Mo. 607. (3) When property has been sold and converted into money and is in the custody and control of the court, the party entitled to exemptions may apply to the court for an order to pay him the amount of his exemptions. Linck v. Troll, 84 Mo. App. 49; Marchildon v. O'Hara, 52 Mo. App. 523. (4) Appellant's first contention, that respondent's claim for exemptions was duplicated, can not be maintained for the reason that if respondent was entitled to exemptions under the law, having made her application to the court for $300 only, it was the duty of the court to allow and set off her exemptions to her if she was entitled to them under any section of the statute. 12 Am. and Eng. Ency. Law (2 Ed.), subdivision 3, p. 234; 10 Ency. Pl. and Pr., subdivision 4, p. 94. (5) An omission to make claim and selection, or delay in doing so, will not operate as a waiver of the right of exemptions if the debtor can show a good excuse for the omission or delay. 12 Am. and Eng. Ency. Law (2 Ed.), subdivision c, at page 231, and cases cited. State v. Romer, 44 Mo. 99; Morrissey v. Feeley, 36 Ill. App. 556; State ex rel. v. Wolf, 81 Mo. App. 586; Megehe v. Draper, 21 Mo. 99; Morrissey v. Feeley, 36 Ill. App. 556; State ex ner v. Furniture & Carpet Co., 63 Mo. App. 206.

SMITH, P. J.—As near as we can gather from the very meager abstract of the record before us, the

case is about this: The plaintiff brought an action of attachment against the defendants, Cassie Redlinger and J. P. Redlinger, in which the writ was levied on a stock of merchandise the property of the first named of said defendants. Under an order of the court, the sheriff sold the merchandise so levied on, and received and had the proceeds thereof in his possession. The said Cassie Redlinger, the first named of the said defendants, filed an application in said attachment suit wherein she alleged that she was a married woman and the wife of her co-defendant in the said attachment suit, the said J. P. Redlinger, who had abandoned her and had absconded and absented himself from his family and usual place of abode in this State, and was not contributing anything to the support of the applicant or her family; that she was a resident of Barton county, the mother of four small children living with her and wholly dependent upon her for support; that all the property of the applicant, real, personal and mixed, had been seized under writs of attachment against her and her husband, and had been sold and the proceeds thereof were in the hands of the sheriff; that she desired under section 4335, Revised Statutes, to invoke the exemption statutes in force for the protection of personal property owned by the head of a family, her husband not having made such claim; that she was the head of a family, and as such, entitled to the exemptions provided under sections 3159 and 3162, Revised Statutes 1899; that she had none of the property allowed under said section 3159, except her wearing apparel, household and kitchen furniture of less value than one hundred dollars, and that as the head of a family she claimed the exemptions provided in said section 3159, and as all her property had been sold and converted into money, then in the hands of the sheriff, she prayed that she be allowed out of the proceeds of her property in the hands of the sheriff, under said section 3162, three hundred dollars in lieu of the prop-

erty exempt under said section 3159, etc. The plaintiff in the attachment filed an answer putting in issue the allegations of the application. At the trial there was ample evidence to establish every fact alleged in the application.

The attachment plaintiff insists that as the applicant alleges in her petition, that her husband, the said John P. Redlinger, had absconded and absented himself from his usual place of abode in this State, he could not be heard to claim the exemptions provided in the statute (secs. 3159, 3162 and 3164, R. S. 1899), nor could his wife, the applicant, make a claim that he could not. It appears from the undisputed evidence that the goods seized under the writ, the proceeds of the sale of which were in the hands of the sheriff, was the individual property of the applicant, who had been, for some time previous to the seizure, engaged as a *feme sole* in carrying on the business of a merchant in this State, and that the goods seized were a part of the stock carried by her in that business. The applicant testified that her husband had absconded and was in the State of Colorado; that she did not expect him to return, or that she would go to him, and that as far as she knew, they would remain separate and apart. The cases of Steele v. Leonori, 28 Mo. App. 675, and State v. Chaney, 36 Mo. App. 513, relied on by plaintiff, are not in point here, because of the difference in the essential facts. It seems to us that a more suitable case than this for the application, without stint, of the humane provisions of the statutes of exemption, would be hard to find. The applicant did not seek to have any property, or property rights, afforded her husband, or her as his wife, by the statute of exemptions, but did seek to have adjudged to her, as a *feme sole,* the head of a family and resident of this State, out of the proceeds of the sale of her own property taken under process issued in a suit of her own creditors against her, the three hundred dollars exemptions to which she was entitled under the

statute, and this, we think, was justly allowed her by the trial court.

In the briefs much is said about an unrecorded chattel mortgage, covering the store, which was given by the applicant to one Webb. It seems that the applicant, something like two years previous to the time her husband ran away, had given this mortgage to Webb to secure a note which had been given by her to him for the purchase price of the goods. When her husband ran away she sent to Webb the key to the store, with the request that if he thought it advisable to do so, to take enough goods to pay the balance on his note. While he was in possession of the key, the attachment was levied, and the goods taken into possession by the sheriff. Webb was advised that he could not sustain his claim under the unrecorded mortgage, and so he declined to interplead in the attachment. He notified the attachment plaintiff that he had abandoned his claim to the attached property. As Webb abandoned his claim to the attached property, or the proceeds arising from the sale thereof, his mortgage, and the proceedings taken thereunder, have no bearing on the issues in the present case, and so need not be further noticed.

Some contention is made about a horse which was the property of the applicant's husband, and which had been disposed of by her since he had absconded. It seems this horse was subject to a mortgage, and that the applicant realized something for the equity of redemption. What the amount was does not appear. Whether this amount was passed to his creditors, the record does not inform us. It may be that between the time he absconded and that when this application was made, the amount so received had been consumed by the applicant in the support of herself and children. But, however this may be, it is not disputed that at the time of the application, the applicant had no property other than that therein specified.

In any view of the case which we are able to take, we think the applicant was entitled to the exemption which was allowed her by the judgment, which will accordingly be affirmed. All concur.