CHARLES W. HEROLD and LILLIAN M. HEROLD, Appellants, v. PIONEER TRUST COMPANY, Respondent.

In the Kansas City Court of Appeals, June 12, 1922.

1. **PRINCIPAL AND AGENT: Contracts: There can be no Recovery Against Agent Upon a Contract Made by Him as Agent.** There can be no recovery against defendant in a suit upon a contract which purports to have been made by defendant as agent.

2. **———: Ratification: Where After Full Information Vendor Signed Deed She Thereby Ratified Act of Agent in Selling Amount of Property Described in Contract Although This was Greater Than Covered by Description in Deed.** If with all the information at hand principal signed the deed conveying the property, then she ratified the act of her agent in selling the amount of property described in the contract, although the contract covered twenty-seven and one-half feet of land not owned by the principal.

3. **———: ———: Estoppel: If Agent Mistakenly and Innocently Thought Principal Had Authorized it to Sell Amount of Land Described in Contract, it Would Not be Liable if its Principal was Bound.** In an action by a purchaser against a real estate agent to recover damages because a deed did not contain amount of property described in contract, even though it had been proven that defendant did not have authority to sell as much land as covered in contract, but mistakenly and innocently thought that principal had authorized it to do so, it would not be liable if its principal was bound, and it would make no difference whether principal was bound because defendant was authorized in advance to sell the amount of ground mentioned in contract, or because of subsequent ratification or because of any possible estoppel on part of principal to deny defendant was in fact authorized.

4. **———: Fraud: Deceit: Mere Fact That Vendor Did Not Own Entire Amount of Land Described in Contract, Held Insufficient to Make Out a Case of Actionable Deceit.** In an action by a purchaser against agent of vendor for damages because deed did not contain amount of land covered by contract where there was no other evidence of fraud to induce the purchase, the mere fact that the vendor did not own entire amount sold was insufficient to make out a case of actionable deceit.

5. **FRAUD: Deceit: False Representations: Intent: False Represen-
tations Must Have Been Made with Fraudulent Intent.** In order
to support an action for fraud and deceit it is not sufficient to
show that defendant made statements which he did not know to be
true and which are in fact false, although it is not necessary to
show an actual lack of knowledge on the part of the utterer of the
falsehood, for if he makes the representations of his own knowl-
edge when in fact he had no knowledge whatever on the subject,
he is liable, but in all cases of fraud the false representations
must have been made with a fraudulent intent and it is not suffi-
cient merely to show that the representations made were not true.

Appeal from the Circuit Court of Jackson County.—*Hon. Thad B. Landon*, Judge.

AFFIRMED.

*Ed E. Aleshire* and *V. E. Phillips* for appellant.

*Scarritt, Jones, Seddon & North* for respondent.

BLAND, J.—Plaintiffs recovered a verdict and judg-ment in the sum of $687.50. The trial court sustained defendant's motion for a new trial giving as a reason therefor "that the court erred in refusing to direct a verdict for defendant as requested by defendant," and plaintiffs have appealed. Defendant at the close of plain-tiffs' evidence offered an instruction in the nature of a demurrer to the evidence which the court overruled. De-fendant did not put on any testimony but the case was submitted to the jury upon instructions for both parties. Plaintiffs offered no instruction upon any theory of re-covery but contented themselves with having the court give an instruction on the measure of damages.

The facts show that plaintiffs were husband and wife and defendant a corporation having a real estate depart-ment. Defendant had for sale a lot having a duplex house situated thereon in Kansas City, Missouri. This property was owned by a non-resident, a Mrs. Frances Thomas. Schutzel, an employee of the defendant, showed the lot to plaintiffs and represented that it extended back

to the center of a vacant alley. Plaintiffs purchased the property and on July 8, 1919, a contract of sale was executed wherein it is recited that the premises were to be conveyed by Porter Thomas; that the contract was being made by him as principal and that the property extended to the center of a vacant alley. The purchase price was $5500; $100 was paid and receipted for and $900 was to be paid in cash on delivery of a deed. The property was to be conveyed subject to a deed of trust to secure $4500. The contract was signed as follows:

"PORTER THOMAS
By PIONEER TRUST Co. Agents
By EMIL J. SCHUTZEL
CHARLES W. HEROLD
LILLIAN M. HEROLD."

Porter Thomas was the husband of Frances Thomas and apparently acting as her agent in the transaction. Upon the signing of the contract plaintiffs moved into the house and made a change in the heating plant. An abstract of title was furnished plaintiffs' attorney who examined it and found a deed of trust which he required should be released. This objection was fully met. The examining attorney then found the title to be acceptable and that Mrs. Thomas was the owner of the property described in the abstract. However such description did not cover 27½ feet of ground that was required to bring the lot back to the middle of the alley. The house was situated upon the land actualy owned by Mrs. Thomas and no part of it was on the 27½ feet not so owned. The examining attorney not seeing the contract assumed that his clients were purchasing only the amount of property described in the abstract of title.

On the last week of August the transaction was finally closed up in the office of plaintiffs' attorney. Plaintiffs being engaged and not being able to attend to the matter, sent the mother of plaintiff, Lillian M. Herold, to close the transaction. After certain adjustments were made a check was given by Mrs. Cameron, the mother, for the net balance of $900 and a deed from Mrs. Thomas

and husband delivered to Mrs. Cameron. This deed covered the property described in the abstract but not as much as that described in the contract. Mrs. Cameron took it home and on an examination of it plaintiffs found that it did not cover the amount of land they had bought. They took the matter up with Mr. Schutzel who said that there was a mistake and that it should be corrected. Plaintiffs' attorney called upon defendant and was told by an agent of the defendant that if the parties were not satisfied and would return the deed that defendant would return the $1000 upon surrender of the contract, provided that plaintiffs waive any damages. Plaintiffs refused to do this and this suit resulted. The warranty deed to the property was recorded on September 8, 1919.

We are unable to ascertain from the petition on what theory this suit is brought. The petition pleads, to a great extent, merely evidentiary matter and contains contradictions of a destructive nature. The petition is undoubtedly subject to demurrer and it is doubtful if it can be construed even after verdict as stating any cause of action. However, the petition does ask damages "by reason of their (plaintiffs) not getting the land described in defendant's contract with them, to-wit, 27½ feet."

The evidence, however, does not sustain any theory which would render defendant liable. From plaintiff's brief we assume that they are attempting to recover on the theory that defendant sold them the 27½ feet of ground without any authority from Mrs. Thomas and that defendant was guilty of false representations as to the amount of land contained in the lot and would be liable even though it had authority to sell the 27½ feet of which Mrs. Thomas had no title. Of course, there could be no recovery against the defendant in a suit upon the contract itself as the contract purported to have been made by the defendant as agent. [Byars v. Doores' Admr., 20 Mo. 283, 285; Hotel Co. v. Furniture Co., 73 Mo. App. 135.]

An agent who has no authority to make a contract is said to be liable in the following cases:

"1.    Where the agent makes a fraudulent representation of his authority with intent to deceive.

"2.    Where he has no authority and knows it, but nevertheless makes the contract as having such authority.

"3.    Where not having, in fact, authority to make this contract as agent, he yet does so under the bona fide belief that such authority is vested in him, as in the case of an agent acting under a forged power of attorney, which he believes to be genuine and the like." [See also 2 C. J. 805.]

There is no evidence of any lack of authority on the part of the trust company to sell the land, including the 27½ feet. For all the record shows it may have been authorized to sell the property described in the contract although all of it was not owned by the principal. The contract itself provides for the sale of a lot extending to the center of the alley and purports to be a valid agreement signed by the agent for the principal. A deed complying with the terms of the contract, except as to the amount of land sold, was executed by the owner. Under what circumstances this deed was executed, whether the owner knew of the contents of the contract, is not in evidence. Without such knowledge it would seem that she would not have been able to have drawn or approved a deed so nearly complying with its terms. She accepted the money paid by plaintiffs as its receipt is acknowledged in the deed. If with all the information at hand she signed the deed conveying the property, then she ratified the act of the agent selling the amount of property described in the contract if she did not authorize such sale in the beginning.

From a reading of the testimony in the case it would indicate a mistake on the part of all parties concerned as to the size of the lot owned by Mrs. Thomas. In fact, the petition in one place says, "that plaintiffs and defendant all understood and believed" the description contained in the contract "was correct." It also alleges that defendant has charge of said property so described for "sale purposes." There is no evidence that Mrs.

Thomas was not under the same mistake that defendant was under, and authorized it to sell the land extending to the middle of the alley. No fraud is shown on the part of defendant, and even though it had been proven that defendant did not have authority to sell as much land as is covered in the contract, but mistakenly and innocently thought that Mrs. Thomas had authorized it to do so, it would not be liable if its principal was bound. It would make no difference whether she was bound because defendant was authorized in advance to sell the amount of ground mentioned in the contract or because of subsequent ratification or because of any possible estoppel on her part to deny the fact that defendant was in fact authorized. [Chieppo v. Chieppo, 90 Atl. 940 (Conn.).] There is no evidence that the principal was not bound by the contract.

There is no evidence that defendant in order to induce plaintiffs to purchase the property fraudulently represented that it consisted of more ground than was owned by Mrs. Thomas, unless the mere fact that Mrs. Thomas did not own the entire amount sold was sufficient to make out a case of actionable deceit. Evidently, in this state at least, this is not sufficient. In order to support an action for fraud and deceit it is not even sufficient to show that defendant made statements which he did not know to be true and which were in fact false, although it is not necessary to show an actual lack of knowledge on the part of the utterer of the falsehood, for, if he makes the representation of his own knowledge when in fact he had no knowledge whatever on the subject, he is liable. [Dunn v. White, 63 Mo. 181, 184, 185; Paretti v. Rebenack, 81 Mo. App. 494.] In all cases of fraud the false representations must have been made with a fraudulent intent. [Brooking v. Shinn, 25 Mo. App. 277, 281; Redpath Bros. v. Lawrence, Manning & Cushing, 42 Mo. App. 101, 109.] "Plaintiff must prove that the party in making the false statements may have believed, or had good reason to believe, at the time he made them that they were false or that he assumed or in-

tended to convey the impression that he had actual knowledge of their truth, though conscious that he had no such knowledge.'' [Koontz v. Kaufman, 31 Mo. App. 397, 418, 419.]. It is not sufficient merely to show that the representations made were not true. [Peoples Nat'l. Bank v. Central Trust Co., 179 Mo. 648, 662; Koontz v. Kaufman, supra.] Plaintiffs failed to adduce evidence showing liability on the part of defendant.

The judgment is affirmed. All concur.